## WILLIAM CLAFLIN *et al.*, Respondents, v. ADALINE H. VAN WAGONER AND JOHN M. KRUM, Appellants.

*Wife's Estate, liability of.*—Property had been conveyed to trustees to the sole use of a married woman, &c., "and to such uses and purposes, and in such manner as she might, in writing, appoint." Subsequently she became endorser of a negotiable promissory note. *Held,* that such endorsement was an appointment in writing, and that she thereby charged her separate estate.

*Pleading—Parties.*—Where the action concerns the separate property of the wife, she must sue or defend by her next friend, without joining the husband. (R. C. 1855, p. 1218, Practice, Art. II., § 7.)

*Pleading—Parties.*—Where it is sought to charge the wife's separate estate with her debts, her trustee is a proper party defendant, so that in case of of sale the legal title may be conveyed. (R. C. 1855, p. 1218, § 4.)

### *Appeal from St. Louis Court of Common Pleas.*

*Krum & Decker*, for appellants.

I. A married woman cannot be sued alone, without the appointment of a next friend, or joining her husband. (R. C. 1855, p. 1218, Art. II., § 7; Cost v. Cost, 4 How., Prac. R., 232; Eliz. Smart, by next friend, v. Comstock, 24 Barb. 411.)

II. The petition did not state facts sufficient to constitute a cause of action against Mrs. Van Wagoner, to entitle the plaintiff to the relief prayed for as against her separate estate.

The petition alleges that the property was conveyed to trustees to the use, &c., " and to be disposed of and employed to such uses and purposes, and in such manner as the said Adaline H. might in writing appoint." If by the terms of the settlement the wife be restricted in her power of disposition, that would be a fetter upon anticipation or alienation valid in equity. (Adams' Eq. 44, s. p.; Cannon v. Whiteside, 33 Mo. 466.)

The mere endorsement by her in blank of the note sued on was not an appointment in writing, within the terms of the deed. (Yale v. Dederer, 22 N. Y. 450.)

*Hitchcock*, for respondent.

I. It was not necessary to join the husband of defendant, Adaline H. Van Wagoner.

*a.* The action did expressly concern her separate estate, and if so she could be sued alone. (R. C. 1855, p. 1218, Prac., Art. II., § 7.)

*b.* The action was well brought to charge her separate estate, it being an endorsement *by her alone*. (Whiteside v. Cannon, 23 Mo. 457, 471; Coates v. Robinson, 10 Mo. 757.)

II. The judgment was that her separate estate be charged. Krum was made a party as her trustee; he appeared and defended as such, and no personal judgment was prayed or taken against him.

BATES, Judge, delivered the opinion of the court.

The petition shows the plaintiffs to be the holders of a negotiable note made by Thomas Cohen to the order of Adaline H. Van Wagoner, who endorsed it to the plaintiffs; that the note had matured; a demand and refusal of payment, and notice thereof to Mrs. Van Wagoner. It shows that Mrs. Van Wagoner is a married woman, the wife of Garret S. Van Wagoner; that, by ante-nuptial deed of trust, she conveyed certain real estate to John M. Krum, the other defendant, " in trust for the sole and separate use, benefit, behoof, and disposal of said Adaline, and to be accounted, reckoned and

17—VOL. XXXII.

taken as a separate and distinct estate of and from the estate of said Garrett, and to be disposed of and employed to such uses and purposes and in such manner as the said Adaline H. might in writing appoint;" and charges that Mrs. Van Wagoner by her endorsement of said note became bound and liable to pay the amount thereof to the plaintiffs, and thereby then and there, by law, pledged and appointed her separate estate for the payment of said note. The petition then prayed for judgment against Mrs. Van Wagoner and her separate estate, and that the real estate, or so much thereof as might be necessary to pay said note, interest and costs, be sold to pay the same.

The defendants demurred generally to the petition, Mrs. Van Wagoner appearing by attorney. The demurrer was overruled, and time given the defendants to answer. They failed to answer, and the petition was taken against them as confessed, and judgment perfected against Mrs. Van Wagoner in accordance with the prayer of the petition. The defendants moved an arrest of judgment, for the reasons—

1. That Mrs. Van Wagoner was a *femme covert*, incapable of being sued without her husband being joined ; and

2. That no judgment was prayed against defendant Krum, or cause of action set out against him in the petition.

The motion was overruled, and the defendants appealed to this court.

It is settled that where the *femme*, having a separate estate, executes a bond or note, or accepts a bill, it is held that she must intend by such instrument to bind her separate estate, because these acts would otherwise be nugatory, and these instruments could, in no other way, have any validity or operation. (Whiteside v. Cannon, 23 Mo. 457.) This will apply as well when the woman is endorser of a note as when she is a maker. An exception to the rule may probably be found in those cases in which the separate estate of the woman is, by the instrument creating it, declared inalienable by her. In the present case she may alienate by an appointment in writing, and the endorsement is such appointment in writing.

There is error, however, in that Mrs. Van Wagoner appeared by attorney and not by next friend. Sec. 7, of art. 2, of the Practice Act, 2d Rev. Stat., 1218, is as follows:

"When a married woman is a party her husband must be joined with her, except that—First, when the action concerns her separate property, she may sue and be sued alone. Second, when an action is between her and her husband, she may sue and be sued alone. But when her husband cannot be joined with her, as herein provided, she shall prosecute or defend by her next friend."

This section establishes the general rule that the husband must be joined with the wife, and the word "alone," used in the exceptions, means only apart from the husband. The concluding direction that she shall prosecute or defend by her next friend, when her husband *cannot* be joined with her, applies to both exceptions—to the second with obvious necessity, and to the first because her husband, having no manner or degree of legal interest in her separate estate, for that reason *cannot* be joined with her. The judgment will be reversed and cause remanded to the court below, where a next friend may be appointed for Mrs. Van Wagoner, by whom she may defend the action.

As to the propriety of Mr. Krum's being a party. He holds the legal title of Mrs. Van Wagoner's separate estate, and it is proper that he should be a party to the proceedings to charge that estate, so that if there should be a sale of the estate, or a part of it, his legal title, as well as Mrs. Van Wagoner's equity, may be conveyed. It is for the interest of all parties.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.