WILLIAM C. RUBY, Respondent, *v.* THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

*Justices' Courts—Transcript—Execution.—*A copy from the docket of a justice of the peace, certifying that an execution issued to the constable of the township in which defendant resided, and setting out the return of the constable of *nulla bona,* is *prima facie* evidence to authorize the clerk of the Circuit Court to issue an execution upon the transcript of the justice's judgment filed in his office.   Upon a motion to quash such execution, the defendant may show any defect or irregularity in the justice's process or constable's return.

*Appeal from Macon Circuit Court.*

*Carr,* and *Hall & Oliver,* for appellant.

The appellant makes the following points in this record :

There is a great difference between the case of an execution on a transcript without a strict compliance with all the pre-requisites of the statute, and a sale and purchase under such execution by an innocent purchaser for value, and the case of an execution issued on such transcript without a strict compliance with all the pre-requisites of the statute in such case made and provided, and a motion made by the defendant in such execution at the return term to quash such execution for want of such compliance.   In the latter

Ruby v. Hann. & St. Jo. R.R. Co.

case, a motion to quash will always be sustained. In the former case, the sale on grounds of public policy will be sustained, at least where the validity of such sale is questioned in a collateral proceeding.

Now here is a direct proceeding to quash the execution issued in this case. The clerk was only authorized to issue an execution " when an execution shall have been issued by the justice," and returned " that the defendant had no goods or chattels whereof to levy the same "—R. C. 1855, p. 961–2, § 17. The clerk issued such execution without any authority of law. He had no evidence in his office that a legal and valid execution had been issued by the justice by whom the judgment had been rendered, and returned that " the defendant had no goods nor chattels whereof to levy the same," so as to authorize him to issue such execution. This was a condition precedent; it was not complied with. The justice is not authorized to determine whether the execution issued is a legal and valid execution. All he is authorized to do is to certify a copy of the execution and return thereon to the clerk, and then the clerk can determine whether such execution and return are in conformity with the law. If they are, then, and not till then, is he authorized to issue an execution on such transcript—Carr v. Youse, *ante* p. 346 ; Coonce v. Munday, 3 Mo. 264 ; Burk v. Currey, 4 Mo. 116 ; R. C. 1855, p. 727, § 22.

*Prewitt*, for respondent.

I. The law only requires an execution from the justice to issue before one can be issued by the Circuit Court, if the defendant is a resident of the county.

II. The record of the justice filed in the circuit clerk's office, and recorded in the transcript book, shows that the parties appeared, and had a trial, and judgment for plaintiff, and execution thereon issued to the township in which suit was brought, and in which defendant resides, if it resides in the county, returnable in sixty days, and returned

"no property found." Nothing more can be required—25 Mo. 334; R. C. 1855, p. 961.

WAGNER, Judge, delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Macon county, overruling a motion filed by the appellant to quash an execution issued by the circuit clerk of said county in favor of the respondent, and against the appellant. The execution was issued on a transcript of a judgment rendered before a justice of the peace, and only filed in the office of the clerk of the Circuit Court. The material grounds relied on to invalidate the execution and reverse the judgment of the Circuit Court are, that there was no evidence on file in the court, or with the clerk thereof, to show that an execution had been issued by the justice, directed to the constable of the township in which the defendant resided, and returned that the defendant had no goods or chattels whereon to levy the same, prior to issuing the execution by the clerk of the Circuit Court to the sheriff, and that there was no sufficient return made by the constable to authorize the clerk of the court to issue an execution on the transcript, because it did not appear that the return was signed by the constable. The transcript was filed in the clerk's office before the execution was returned by the constable, and the evidence on which the clerk acted in issuing the execution, that the law had been complied with, and that the constable had made his return of no goods or chattels found whereof to make the debt, was the following certificate of the justice of the peace before whom the judgment was obtained, which was filed with the clerk previous to the issuance of the execution. After stating the case, he proceeds: "Execution issued to the constable of Beveir township, in which defendant resides, on the 5th day of June 1865, returnable in sixty days, and returned on the 12th day of August, 1865, with the following return made by the constable, to-wit: 'This execution returned not satis-

fied, there being no property found to levy the same on.'
Given under my hand this 15th day of September 1865.—
J. B. Clarkson, J. P."

The statute provides that no execution shall be sued out
of the court where the transcript is filed, if the defendant is.
a resident of the county, until an execution shall have been
issued by the justice directed to the constable of the town-
ship in which the defendant resides, and returned that the
defendant had no goods or chattels whereof to levy the
same. In a case very similar to this, as far as this question
is concerned, where an entry. was made on the justice's
docket, stating that an execution was issued at a certain
date and given to the constable of the proper township, and
it was returned by the constable that there was no property
found to levy the same, with the constable's name attached
thereto, and the justice certified that it was an entry made
on his docket, it was held that when the same was filed with
the clerk, it was sufficient evidence that an execution had
been issued by the justice of the peace and delivered to the
constable, and that that officer had returned the same *nulla
bona*, and fully warranted and authorized the clerk of the
Circuit Court in issuing execution on the transcript—Franse
v. Owens, 25 Mo. 329. In principle, that case cannot be
distinguished from the one under consideration. The fact
that the justice inserted the name of the constable in his
certificate of entry from his docket can make no essential
difference, as it all depends on the truth and accuracy of his
certified statement. He certifies to the existence of actual
facts; that the execution was issued to the proper officer,
and that a certain return was made by that officer. Whether
the justice designates the constable by his proper name, or
merely by the description of his office, can have no control-
ling influence.

The statute requires that an execution shall be issued by
the justice when the defendant resides in the county, and be
duly returned by the constable that he can find no goods or

chattels of the defendant whereof to make the amount, before resort can be had to process on the transcript.

But no provision has been made defining what shall be evidence that the execution has been issued and the return made when the transcript is filed antecedent to these proceedings. Doubtless the most satisfactory evidence would be a regularly certified copy of the execution and the return thereon; but we cannot say that the law absolutely requires this. When the justice certifies the facts, his certificate must be regarded as at least *prima facie* evidence, and will fully justify the clerk in issuing an execution on the transcript. It will not conclude the adverse party, and he may show, on a motion to quash, any defect or irregularity in the justice's process, or the return of the constable; but till some evidence is introduced tending to impugn the acts of the justice or constable, or to falsify the certificate, the execution should be deemed valid.

The judgment will be affirmed.

The other judges concur.