40   61
86a 342

JACOB BAUER AND CATHERINE BAUER, Defendants in Error, *v.* IGNATZ BAUER, Plaintiff in Error.

1. *Husband and Wife — Bills and Notes — Separate Estate.*—A note executed by a married woman is, as a contract, void, and she cannot be made personally liable therefor. The holding of land in fee by a married woman does not create a separate estate so as to make her liable upon a note signed by her.

2. *Justices' Courts—Filing Transcripts—Practice.*—When the transcript of a justice's judgment is filed in the office of the clerk of the Circuit Court, the court acquires jurisdiction of the case, and may, on cause shown, set aside or modify the judgment—R. C. 1855, p. 961, § 19.

*Error to St. Louis Land Court.*

*L. Gottschalk*, for plaintiff in error.

A promissory note executed by a married woman is not void, and she may be sued on such note—Claflin v. Van Wagoner, 32 Mo. 252. The justice had jurisdiction—R. C. 1855, p. 925, § 3.

This has been repeatedly decided by the courts. In Barton v. Beers, 21 How. Pr. 309, it is said : " Indeed, the capacity conferred upon her to contract liabilities, and incur debts, creates the necessity of a corresponding liability to action ; for the evil would be greater, than it otherwise would be, if she can impose upon the public, by making contracts, for which neither she nor her husband is liable. If she acts as a femme sole, she ought in justice to the public to be subjected to all the duties and liabilities of a femme sole."

The court will observe that this was an action brought before a justice of the peace, and brought before the passage of the act of 1862 in New York (Laws, ch. 172, § 7), which declares that a married woman may be sued in any courts of the State.

The cases of Coon v. Brook, 21 Barb. 546, and Dickermann v. Abrahams, 21 Barb. 551, to which reference probably will be made by respondent, and which decide this principle adversely, have been expressly overruled by later decisions— 25 How. Pr. 483, reversing S. C. in 28 Barb. 436 ; Goulding

5—VOL. XL.

Bauer et ux. v. Bauer.

v. Davidson, 12 E. P. Smith, 604; Barton v. Beers, 21 How. Pr. 309; Klen v. Gibney, 24 How. Pr. 31, which approves of the case in 21 How.

*Taussig & Kellogg*, for defendants in error.

I. A promissory note made by a married woman cannot be enforced at law—Chit. on Bills, 20–24; Sto. on Prom. N. 85; Reeves Dom. Rel. 260–70; Roach v. Randall, 45 Me. 438; Howe v. Wilde, 34 Me. 566; Whiteside, v. Connor, 23 Mo. 461.

II. A note or bill drawn or endorsed by a married woman is void—3 Espinasse, 266; 8 Term, 545; 2 H. Black. 1077; 3 Willes, 5; 1 Strange, 516; 1 East, 432; Chouteau v. Merry, 3 Mo. 182.

III. Equity relieves solely on the ground that the contract of the wife does not create a personal obligation, and consequently the creditor would be without remedy at law— 2 Sto. Eq. 268; id. 627, § 1399; Claflin v. Van Wagoner, 252; Bretton v. Wilder, 6 Hill, 242; Dorrance v. Scott, 3 Whar. 309.

Independently of this, we say that by the statutes of Missouri in force (during the pendency of the proceedings in the court below) the Land Court of St. Louis county had the exclusive jurisdiction of cases of this nature—§ 2 of an Act establishing Land Court, R. C. 1855, p. 961, §§ 16 & 17;— and the judgment of the Land Court in setting aside the judgment of the justice, and in recalling the execution, was not only legal but final.

HOLMES, Judge, delivered the opinion of the court.

It appears that an execution had been issued from the clerk's office of the St. Louis Land Court upon a transcript of a judgment before a justice of the peace, filed therein, and that upon motion the Land Court recalled the execution and set aside the judgment of the justice. It further appears by he bill of exceptions *that this judgment was rendered against Catherine Bauer, in a suit by Ignatz Bauer against Jacob*

Bauer and Catherine his wife, upon a note executed by her while a married woman, and that she was "possessed in her own right in fee" of certain land described. It seems to have been supposed that this gave her a separate estate in respect of this property, and that her note was valid as made in respect of her separate estate. This was altogether a mistake; no separate estate was thereby created. Her note was void for want of capacity to make it. The judgment was irregular, if not absolutely void.

The statute provides that such judgments, from the time of filing the transcript, "shall be under the control of the court where the transcript is filed; may be revived and carried into effect in the same manner, and with like effect, as judgments of Circuit Courts"—R. C. 1855, p. 961, § 19. We think the Land Court had jurisdiction not only to recall the execution, but to set aside the judgment, and that the action of the court upon the motion was entirely correct and proper.

Judgment affirmed; the other judges concur.