WILLIAM SCHAFROTH, ADMINISTRATOR, ETC., Plaintiff in Error,
   *v.* PETER AMBS AND WIFE, Defendants in Error.

1. *Married women — Separate estate of, subjected to payment of their separate debts.*—A *femme sole* may acquire by purchase as well as by gift a separate estate, and that, too, through a deed directly to herself, without the intervention of trustees; and such separate estate will be protected in equity against the marital rights of an after-taken husband who shall acquiesce in the arrangement and allow his wife to manage and control the property as her own, notwithstanding such marriage. Equity will also subject such estate to the payment of her debts and obligations. Where she joins in the execution of a note, it will be inferred, *prima facie,* that she intended thereby to charge her separate estate. Equity will protect the separate interests of a married woman against the claims of her husband and his creditors, but will subject such property to the payment of her own debts.

2. *Married women — Separate estate of, charged by direct proceedings in chancery.*—Where a married woman joins her husband in the execution of a note, the first and only method of charging her separate estate for the debt is a resort to chancery. The jurisdiction of chancery in such a case is in no way dependent upon antecedent legal proceedings against her husband, or those of any kind whatever.

### *Error to St. Louis Circuit Court.*

*Sharp & Broadhead,* for plaintiff in error.

I. In equity, no trustee need be named; none is necessary, whether the separate property was acquired before or during coverture, or whether the property be real or personal. (Tyler on Inf. and Cov. 431; 2 Sto. Eq. Jur., §§ 1380–4; Fears v. Brook, 12 Ga. 196, and cases cited; Newland v. Paynter, 4 M. & Cr. 408; Tullet v. Armstrong, *id.* 390; Shirley v. Shirley, 9 Paige's Ch. 363; Hamilton v. Bishop *et al.*, 8 Yerg. 33; 2 Kent, 162, and note; Bennett v. Davis, 2 P. Williams, 316; Clancy on Married Women, 256–7; 2 Rop. on Husb. and Wife, 152, 183; Freeman v. Freeman, 9 Mo. 772; Hill on Trustees, 585, and note *m; id.* 609.)

II. It being expressly averred in the petition and admitted by the demurrer that she did acquire, use, enjoy, and possess the property as her sole and separate estate, she possessed, as a necessary incident to such an estate, full power in equity to charge, pledge, and encumber it with the debt sued on — the

instrument creating the trust not restraining her from exercising the full dominion of owner. (Whitesides v. Cannon, 23 Mo. 457 ; Claflin v. Van Wagoner, 32 Mo. 252 ; 2 Rop. Husb. and Wife, 245.)

III. This term, " sole and separate use," is the proper technical phraseology universally recognized and adopted by conveyancers for the purpose of designating the exclusion of the marital rights. (Clancy on Married Women, 263 ; *ex parte* Ray, 1 Madd 119 ; 2 Rop. on Husb. and Wife, 158 ; Hill on Trustees, 420 ; 2 Sto. Eq., § 1382 ; Wells v. Sayers, 4 Madd. 409.) The authorities draw no distinction between the cases of married and single women as to the words necessary to create the separate estate, and indeed, in reason, none can be drawn. (Clancy on Married Women, 261.)

IV. But, moreover, the petition alleges Mrs. Ambs to have, as a matter of fact as well as law, held, used, and enjoyed the property as her separate estate, both she and her husband treating it as such; and even if she had not acquired it as her separate estate by the conveyance, the husband and wife treating the property as the wife's separate estate would give her the right of disposition claimed. (Caldwell v. Renfrew, 33 Verm. 213 : Tyler on Inf. and Cov. 432.)

V. The principle that one claiming equitable relief must exhaust his remedies at law before he can come into equity, is applicable only to cases where the claim is legal but the legal remedies are insufficient. But in the case at bar, the jurisdiction of the court of equity is asserted upon the ground that the defendant, Katharina, is a married woman with a separate estate, which she has charged.

*Clover*, for defendants in error.

I. The bill or petition, as a proceeding in equity, is wholly insufficient to entitle the plaintiff to the aid and interposition of a court of equity. It fails to allege a suit upon the note as to Peter Ambs, maker, or judgment or execution, or return of execution *nulla bona*, or of anything else to give plaintiff a standing in a court of equity.

II. A married woman is not chargeable upon her note executed when covert, either in law or equity, either out of her general or separate estate, unless the note on its face shows and expresses an intention to charge her separate estate, or it is alleged in the bill and proven that the consideration for her indebtedness was incurred for the benefit of her separate estate.

CURRIER, Judge, delivered the opinion of the court.

The competency of a married woman to bind her separate property, by giving notes and other obligations, can no longer be regarded as an open question in this State, however unsettled the doctrine may be elsewhere. As to her separate property, she is here regarded as a *femme sole*, and, as to that, competent to make contracts which a court of equity will enforce, not against her personally, but against her separate estate; and not only so, the contract itself, as, for instance, a promissory note, is evidence of her intention to charge such property. It is sufficient *prima facie* evidence to establish the existence of such intention, without the introduction of other proofs. This court so decided in Coats v. Robinson, 10 Mo. 757, Judge Napton delivering the opinion of a majority of the court.

The whole subject was again reviewed at great length by Judge Leonard, and with his usual ability, in Whitesides v. Cannon, 23 Mo. 457, where the doctrine of the prior decision was re-stated and re-affirmed in its whole extent. The same questions were again brought up in Claflin v. Van Wagoner, 32 Mo. 252, and the court treated them as fully settled by the previous adjudications.

We are not disposed to go behind these decisions for the purpose of ascertaining what may be the state of the law on this subject in other States and countries. There are doubtless conflicting decisions and opposing authorities. Here, however, the decisions have been uniform and consistent, and establish not only a clear and intelligible rule, but one that is, on the whole, satisfactory. Its disturbance at this time would be both inexpedient and unwise.

In the case at bar it is claimed, however, that the petition fails to show that the estate sought to be subjected is in fact the

separate property of the defendant, Mrs. Katharina Ambs. The petition is demurred to chiefly on that ground. The petition avers and the demurrer admits that the property in question was conveyed to Mrs. Ambs prior to her intermarriage with the other defendant, Peter Ambs, "for her sole and separate use;" that she has "ever since owned, held, and enjoyed said property as her own separate estate," and that the "same is still so owned, held, and enjoyed by her."

It thus stands admitted by the pleadings, not only that the property was originally conveyed to Mrs. Ambs for her sole and separate use, but also that it has ever since been so held and treated, notwithstanding her subsequent intermarriage with the other defendant. It thus seen that, so far as the mere words of a conveyance are competent to express and describe a separate estate, such an estate was created by the conveyance to Mrs. Ambs, and that the subsequent use and treatment of the property has conformed to the character of the estate sought to be created by the deed. As to what words are appropriate and efficient to describe a separate estate, see 2 Sto. Eq. Jur., § 1382.

It is objected, nevertheless, that the petition fails to show that, in the deed to Mrs. Ambs, trustees intervened to take the legal title. It is therefore argued that no separate estate was created by that instrument. The argument assumes that trustees were necessary for that purpose. The assumption is not well founded. A separate estate may be created without the intervention of trustees. Judge Story says that it has been settled for a hundred years that in equity the intervention of trustees in the creation of a separate estate in the *femme* is unnecessary, although the employment of trustees in the creation of such estates is conceded to be the better method of doing it. He then proceeds to say that "whenever real or personal property is given or devised, or settled on a woman, either before or after marriage, for her separate and exclusive use, without the intervention of trustees, the intention of the parties shall be effectuated in equity, and the wife's interest protected against the marital rights of the husband." (*Id.*, § 1380.) Hill states the doctrines thus: "Real estate limited to the separate use of a married woman is more

usually and properly secured to her by vesting it in trustees. This, however," he proceeds to say, " is not absolutely necessary, and if there be a clear trust for the use of the *femme*, although the property be given to her directly without the intervention of trustees, and the husband thus becomes entitled at law, equity will consider his conscience affected by the direction, and will treat him as a trustee for his wife." (Hill on Trust. 585, 2d Am. ed.; and see the numerous authorities cited in support of the text.) And this doctrine applies although the gift or bequest be to an unmarried woman, and although such gift be made without reference to an immediate marriage, and not as a provision for that event. In such a case a subsequent husband is deemed to adopt the property in the state in which he finds it upon the occurrence of the marriage, in the absence of any expressed dissent or disagreement to the contrary. (2 Sto. Eq. Jur., § 1384, and authorities there cited.)

In the case before us, as already remarked, the pleadings not only admit that Mrs. Ambs originally acquired the property to her separate use, but also that she has ever since enjoyed that use, and controlled and enjoyed the property as her own, notwithstanding her subsequent intermarriage with the other defendant. This excludes the idea of the existence of any arrangement between him and his wife inconsistent with her separate interest in the property. A distinction, however, is sought to be drawn between an estate acquired by gift, bequest, or devise, and an estate acquired by purchase. The case does not show how Mrs. Ambs acquired this property, whether by deed of gift or upon a pecuniary consideration moving from herself. It simply shows that it was conveyed to her, but upon what consideration or inducement does not appear. But I do not find that the distinction referred to has been recognized in the books. In Clancy's treatise on the rights of husband and wife, it is said that although the decided cases furnish no instance of the acquisition of separate estates except by gift or bequest, still the principle involved would doubtless " equally apply to every form by which such a limitation can be made"—that is, to every form or method of limitation to the separate use of the *femme*. (Clancy on Husb.

and Wife, 261, 3d London ed.) The decided cases disclose limit-ations of property to the separate use of the *femme*, in instances of gifts and bequests, because it is in such instances that the limitation usually occurs, and not, it is apprehended, because such limitations are necessarily incompatible with a deed of purchase. No sufficient reason is perceived for denying to a *femme sole* the right to do for herself what others are at perfect liberty to do for her. If she makes provision for a separate and independent estate, free from the interference of a possible future husband, and such husband makes no objection, who else has any right to complain?

Formerly it was supposed that the intervention of trustees was necessary in the creation of a separate estate in the wife, but that notion has now become obsolete. Then a distinction was sought to be drawn between gifts and bequests to married and unmarried women as regards the creation of a separate estate, but that dis-tinction has been repudiated by the courts. It does not appear that any distinction has ever before been attempted to be drawn between the different methods of creating the separate estate, whether by bequest, deed of gift, or deed of purchase.

In the case under consideration there was not only the creation of a separate estate, so far as the employment of apt technical terms in the deed is concerned, but it appears by the pleadings that there has been an uninterrupted use and enjoyment of the separate estate thus sought to be created, ever since the execution of the deed, no objection on the part of the after-taken husband appearing. His acquiescence and approval rather should be inferred from the facts alleged.

It was decided in Coughlin v. Ryan, 43 Mo. 99, that where the wife held a leasehold at the time of her marriage, and her husband permitted her to hold and enjoy the property and to collect and apply the rents and profits to her own use, she paying the taxes, the accumulation of such rents and profits, upon her decease, would descend to her heirs as her separate estate, in opposition to the marital rights of her husband. So, it was decided in Vermont that where personal property was held and treated by the husband and wife as the separate estate of the latter, her

separate rights therein would be recognized as well at law as in equity, and that such property is the proper subject of a *donatio causa mortis* to her husband in trust for third parties.   (Cald well v. Renfrew, 33 Verm. 213 ; and see Tyler on Inf. and Cov. 432.)   Bauer v. Bauer, 40 Mo. 61, is inapplicable to the facts and law of this case.   There the wife simply held the premises in fee, without any attempt being made to create in her a separate estate which should exclude the marital rights of her husband. But a separate estate is that which does exclude such rights.   It is an estate which belongs to the wife alone, and over which her husband has, in equity, no right or control.

We deduce from the authorities the following conclusions: 1. That a *femme sole* may acquire by purchase as well as by gift, a separate estate, and that, too, through a deed directly to herself, without the intervention of trustees ; and that such separate estate will be protected in equity against the marital rights of an after-taken husband who shall acquiesce in the arrangement and allow his wife to manage and control the property as her own, notwithstanding the marriage.   2. That equity will also subject such estate to the payment of her debts and obligations. Where she joins in the execution of a note, it will be inferred that she intended thereby to charge her separate property, without further proof, in the first instance, of such intention.   Equity protects the separate interests of a married woman against the claims of her husband and his creditors, but not against the just claims of the creditors of the married woman herself.   On the other hand, as already suggested, it will subject such property to the payment of her own debts and vindicate the rights of those with whom she contracts.

The further point is made that it does not sufficiently appear that the plaintiff has exhausted his legal remedies against the husband, who is a joint maker of the note which is sought to be made good out of his wife's separate estate.   The petitioner avers that he has no property whatever, and that fact is admitted by the demurrer.   It is not at once perceived what legal redress a creditor can have against a debtor who is destitute of all means of payment.   However that may be, this is not a case where the

doctrine in regard to the exhaustion of legal remedies applies. This is an equitable proceeding to subject the separate estate of Mrs. Ambs to the payment of her note, by the execution of which she is presumed to have intended a charge upon such separate property. As against this property the plaintiff had no legal remedy. The jurisdiction of chancery to subject it to the payment of her debts is in no way dependent upon antecedent legal proceedings of any kind. The plaintiff never had any legal remedy against Mrs. Ambs or her property. His first and only remedy was in chancery.

As a result of the foregoing views, the judgment will be reversed and the cause remanded. The other judges concur.