————o————

GEORGE DEBAUN, Respondent, *vs.* ADALINE H. VAN WAGONER, *et al.*, Appellants.

1. *Married women—Contracts—Separate estate.*—It is the well settled law of this State, that if a married woman, who is possessed of real estate for her sole use, execute a promissory note, it will be presumed that she intended to charge her separate property with the payment thereof.   And it is not necessary that the instrument which she executes, whereby she promises to pay a sum of money, should assume the shape of a promissory note. Her intention to bind her separate estate will, in the absence of anything to the contrary, accompany the act as well in one case as the other.   In the contemplation of equity a married woman is as completely clothed, so far as her separate property is concerned, with the *jus disponendi*, as any other property owner.

*Appeal from St. Louis Circuit Court.*

*Melville Smith*, for Appellants.

It does not appear that appellant intended to bind her separate estate.   It clearly appears that she did not.

I. She cannot charge her property, except when the intention so to do is clear and unequivocal, and only then where the contract is for her personal benefit or advantage, or for the benefit or advantage of her separate property.   She cannot encumber her separate estate for the debt of another (Kimm vs. Weippert, 46 Mo., 532; Hartman vs. Ogborn 54 Penn. St., 120 ; Lawrence vs. Finch, 2 Green [N. J.] 234'; Smith vs. Allen, 1 Lans. [N. Y.,] 101 ; Kantrowitz vs. Prather, 31 Ind., 92 ; Yale vs. Dederer, 18 N. Y., 265 ; 22 N. Y., 450.)

II. The contract must show its purpose and intention. The intent must be a part of the contract, and appear from a just interpretation—parol evidence not competent. (Kimm vs. Weippert, 46 Mo., 532.) The acts and declarations of a married woman in order to charge her separate estate should be clear and unequivocal. (Lawrence vs. Finch, 2 Green [N. J.], 234.)

III. A married woman cannot incumber her separate estate for the debt of another. (Hartman vs. Ogborn, 54 Penn. St., 120; Yale vs. Dederer, 18 N. Y., 265; Kimm vs. Weippert, 46 Mo., 532.)

*H. D. Laughlin, with whom was Arba N. Crane*, for Respondent, relied upon Coats vs. Robinson, 10 Mo., 757; Miller vs. Brown, 47 Mo., 504

SHERWOOD, Judge, delivered the opinion of the court.

This was a proceeding in the nature of a bill in equity, to subject the separate estate of a married woman to sale. The petition in substance alleges: That Mrs. Van Wagoner was possessed of certain real estate, situate in the city of St. Louis, to and for her sole use; that John M. Krum was the trustee, in whom was vested, for the exclusive benefit of Mrs. Van Wagoner, the legal title to said estate; that said *cestui que trust* claimed an interest in certain leasehold property, and, as an inducement to plaintiff to purchase the same, promised in writing that, if he would do so, she would pay the taxes on said last named property for the year 1861, and all years prior thereto; that, relying on such promise, plaintiff made the purchase, but defendant failed and refused to pay said taxes in accordance with her said agreement, and plaintiff in consequence was compelled to pay the taxes for a number of those prior years, inclusive of 1861, on the property thus purchased; that defendant did by her said promise in writing set apart and pledge her separate estate for the payment of the sum which plaintiff had been compelled to pay in satisfaction of such taxes. The petition concludes with a prayer for the sub-

DeBaun v. Van Wagoner, et al.

jection of the separate property of the *cestui que trust* to the payment of the amount so as aforesaid expended, and for other relief.

The defendants demurred to this petition, assigning a number of grounds, which were all in reality comprehended in the first ground assigned, that the petition did not state facts sufficient to constitute a cause of action.

The court overruled the demurrer, and, the defendants declining to plead further, judgment went as prayed in the petition, and this cause is here on appeal.

It is the well settled law in this State, that if a married woman,who is possessed of real estate for her sole use, executes a promissory note, it will be presumed that she intended to charge her separate property with the payment thereof; for, unless such presumption should prevail, her act of executing the note would be altogether without meaning. And it makes no difference in point of principle, that the instrument which she executes, and whereby she promises to pay a sum of money, does not assume the shape of a note of hand. Her intention to bind her separate estate will, in the absence of anything to the contrary, accompany her act, as well in the one case as the other. The power of a *feme covert* to charge her separate property is an inevitable sequence of the doctrine of courts of equity, that in respect to such property she is a *feme sole*. Hence it follows, that in contemplation of equity a married woman is as completely clothed, so for as regards her separate estate, with the *jus disponendi* as any other property owner. The petition in this case expressly alleges, that she intended by her written instrument to bind her separate estate, and this allegation as well as the other statements of the petition the demurrer confesses to be true.

The judgment is affirmed. The other judges concur.