GAY v. IHM *et al.*, *Plaintiffs in Error.*

1. **Jury Trial in Chancery Causes.** In chancery causes the right of trial by jury does not exist. The chancellor may, if he sees fit, direct issues of fact to be tried by a jury ; but even then he will not be bound by their finding.

2. **Married Woman Charging her Separate Estate.** The fact that a deed which, by apt words, conveys a separate estate to a married woman requires that her husband shall join in any conveyance she may make, does not prevent her from subjecting the land to the payment of her debts in the ordinary way.

3. ————: LEASE. If a married woman executes a lease containing a covenant to pay rent, she thereby binds her separate estate for the rent.

*Error to St. Louis Court of Appeals.*

This was a suit against Maria Anna Ihm and Jacob Ihm, her husband, to charge the separate estate of said Maria with the payment of a sum of money alleged to be due from her to plaintiff for the rent of certain premises held by her of plaintiff, under a written lease. The answer of Mrs. Ihm denied that she was indebted to plaintiff; denied that she ever knowingly accepted a lease of the premises; charged that she was induced to sign the lease relied on by plaintiff by fraudulent misrepresentations of plaintiff's agent; and denied that she had any separate estate. On the issues thus joined the defendants demanded a trial by jury, which was refused, and the case was tried before the court. The plaintiff offered in evidence a lease signed by Mrs. Ihm by which she covenanted to pay rent for certain premises to be used as a hotel at the rate of $1,500 per annum. He also offered a deed to the property sought to be charged as the separate estate of Mrs. Ihm, the *habendum* clause of which was as follows : To have and to hold    *    *    *    unto the said Maria Anna Ihm, for her sole and separate use, benefit, and behoof, separate and apart from her said husband, and for her heirs and assigns forever, with full power by her deed duly executed

and joined in by her said husband, to encumber, sell, and convey the same conditionally or absolutely, and the same shall belong absolutely to the said Maria Anna Ihm as her own undivided and separate property forever.

Defendants also offered evidence on their part. There was a finding and judgment for the plaintiff, from which the defendants appealed to the St. Louis court of appeals, where the judgment was affirmed and defendants then sued out this writ of error.

*E. L. Gottschalk* for plaintiff in error.

1. The defendants were entitled to have the issues of fact raised by the pleadings tried by a jury. 2. Where a married woman executes a note, the courts hold that it is evidence of an intention to charge her separate estate without the note mentioning the fact. The reason is that her separate estate affords the only means of satisfying the note, and if she agreed to pay, she must have had her separate property in view and depended on it to pay the note. *London Chartered Bank v. Lempriere*, 2 Am. Law Record 413. Does this rule apply to the case at bar? Was her separate property her only means of satisfying, or did she expect the hotel to pay, the rent. Here the lease is made, and Mrs. Ihm was to acquire a revenue out of the very matter. Her undertaking is to pay rent. Rent is defined to be "something which a tenant renders out of the profits of the lands or tenements which he enjoys." 2 Washb. Real Prop. 5.

*Cline, Jamison & Day and Foster T. Martin* for defendant in error, cited *Bruner v. Wheaton*, 46 Mo. 363; *Clark v. Maguire*, 16 Mo. 302; *N. A. Coal Co. v. Dyett*, 7 Paige 9; *Metropolitan Bank v. Taylor*, 53 Mo. 444; *Kimm v. Weippert*, 46 Mo. 532; *Green v. Sutton*, 50 Mo. 186; *DeBaun v. Van Wagoner*, 56 Mo. 347; *Burnley v. Thomas*, 63 Mo. 390; 2 Kent Comm., 164.

SHERWOOD, C. J.—Plaintiff was successful in the circuit court in his endeavor to subject the separate estate of Mrs. Ihm to the payment of the debt which she had contracted, and the judgment of that court was affirmed in the St. Louis court of appeals.

In chancery causes the right of trial by jury does not exist, although the chancellor may, if he see fit, direct certain issues of fact to be tried by a jury; but even then, he will not be bound by their finding; he may accept it or reject it, as he deems best. It is certainly very late in the day to insist on such a point as this.

1. JURY TRIAL IN CHANCERY CAUSES

There is no sort of question that Mrs. Ihm had a separate estate in the land sought to be charged. The fact that by the terms of the deed which gave her the separate estate she could not *convey* that land except by joining her husband in a conveyance of the same, did not prevent her from subjecting that land to the payment of the debt which she contracted when, by the terms of the lease she accepted, she agreed to pay a certain annual rent for the premises leased to her by plaintiff's agent.

2. MARRIED WOMAN CHARGING HER SEPARATE ESTATE.

It makes no difference what the *form* of the instrument which a married woman signs; if she thereby binds herself to pay a sum of money, her separate estate will be bound thereby. *DeBaun v. Van Wagoner*, 56 Mo. 347. The evidence fully justifies the decree, and it is accordingly affirmed.

3. ——: lease.

AFFIRMED.