THE BOATMEN'S SAVINGS BANK, *Appellant*, v. COLLINS.

1.  **Married Women:** SEPARATE ESTATE. It is settled law that a married woman possessed of a separate estate may bind it by giving her promissory note.

2.  —— : ——. The words ordinarily used to create a separate estate are " to her sole and separate use ;" but these are not essential. Any words clearly indicating the intention will suffice. The words : " To have and to hold    *    *    unto the said S. L. B., her heirs, assigns and legal representatives, in fee simple absolute and in severalty forever," do not create such estate.

3.  —— : PROMISSORY NOTE. The promissory note of a married woman not possessed of a separate estate at the time she executed it, is a nullity.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

This was a suit brought against Collins as administrator of Mrs. Sarah L. Coleman (formerly Baker) to subject to the payment of several promissory notes executed by her during coverture, a tract of land conveyed to her before marriage by a conveyance, which contained the following habendum clause : " To have and to hold the above described lots of land, and each and every of them, with all the tenements, hereditaments and appurtenances thereunto belonging, unto the said Sarah L. Baker, her heirs, assigns and legal representatives, in fee simple absolute and in severalty forever." Plaintiff claimed that this clause created in Mrs. Coleman a separate estate, but the trial court held otherwise, and gave judgment for defendant, which was affirmed by the St. Louis court of appeals.

*A. M. Gardner* for appellant.

*Collins & Jamison* for respondent.

I.

SHERWOOD, C. J.—It has been held from an early period

in the judicial history of this State that a *femme covert* possessed of a separate estate might, by giving her promissory note, bind or charge such separate estate. *Coats v. Robinson*, 10 Mo. 757; *Whitesides v. Cannon*, 23 Mo. 457; *Claflin v. Van Wagoner*, 32 Mo. 252; *Schafroth v. Ambs*, 46 Mo. 114; *Kimm v. Weippert*, 46 Mo. 532; *Lincoln v. Rowe*, 51 Mo. 571; *Bank v. Taylor*, 62 Mo. 338. This is the generally prevalent doctrine, both in England and in this country. 2 Kent, 151; *Williams v. Urmston*, 35 Ohio St. 296; *s. c.*, 35 Am. Rep. 611; 2 Bishop L. Marr. Wom., §§ 202, 211, 214; Ib., §§ 842, 855, 862, 872, and cases cited.

## II.

The ordinary words used to create a separate estate in a married woman are " to her sole and separate use." Any equivalent words, however, will answer the same purpose, if the intention to create such an estate be clear. But nothing must be left to conjecture. In the present case there is absolutely nothing in the words employed giving the faintest indication of an intention to create a separate estate.

## III.

This being the case, the notes of Mrs. Coleman are nullities and incapable of enforcement in equity; for the reason that there was no subject matter, to-wit : a separate estate, upon which they as a power of appointment could operate; therefore, judgment affirmed. All concur, except HENRY, J., not sitting.