Louis S. Bauer et al., Respondents, v. Alexander Miller, Appellant.

November 11, 1884.

1. Practice — Judgments — Revivor — Justices — Executions. — A transcript of the proceedings under which a judgment is revived before a justice, when filed in the circuit court, warrants the issuance of an execution from such court.

2. —— An error of the justice in including accrued interest in reviving a judgment, can not be rectified on application to quash the execution issued thereon by the circuit court.

3 —— An execution issued by the circuit court on a justice's judgment will not be quashed because the justice's transcript does not show the manner of service upon the defendant, where he appeared and defended the action.

4. —— Evidence. — A certificate of the justice showing the issuance of execution and a return of nulla bona, though not a part of the transcript, if admitted without objection, is prima facie evidence which justifies the issuance of execution on the transcript.

Appeal from the St. Louis Circuit Court, Lubke, J.

Affirmed.

F. Gottschalk, for the appellant: The revival of a judgment is not a civil action. — Humphreys v. Lundy, 37 Mo. 320. Upon filing transcript in circuit court, this court acquires jurisdiction, etc., and may set aside or modify the judgment (Bauer v. Bauer, 40 Mo. 61); and may quash the execution issued thereon. — Bain v. Chrisman, 27 Mo. 293; The State v. Metzger, 27 Mo. 65; Ex parte James, 50 Mo. 280; Pratt v. Canfield, 67 Mo. 48. A mere certificate of a justice is not evidence. — Carr v. Youse, 39 Mo. 346.

John Johnson, for the respondents: The transcript of the revived judgment was all that was necessary. — Corby v. Tracy, 62 Mo. 513. It was sufficient. — Jeffries v. Wright, 51 Mo. 216; Frause v. Owens, 329. The justice's certificate authorized the issuance of execution. — Ruby v. Railroad Co., 39 Mo. 480.

BAKEWELL, J., delivered the opinion of the court.

We adopt the statement of appellant, which is as follows : —

"Appellant filed in the circuit court a motion to quash two executions issued against him in favor of respondents, for the reasons : —

" 1. That the same include illegal interest.

" 2. That there is not filed in said court any transcript of the original judgments.

" 3. It does not appear that the justice before whom judgments were obtained had jurisdiction of the defendant.

" The plaintiffs in said judgments and executions having been served with notice of this application, appeared by counsel, and a hearing was had, at which appellant introduced as evidence the two executions dated January 26, 1884, issued from the clerk's office of the circuit court and reciting, that plaintiffs therein had, on August 9, 1871, recovered judgment before Charles F. Walther, a justice of the peace for the county of St. Louis, against said defendant, for $139.75 and costs, which was revived on April 17, 1883, by James McCaffrey, a justice of the peace for the city of St. Louis, for $243.87, for the debt, including interest of $143.35 on said original judgment and costs, — all of which appears from the transcript of the docket of said Justice McCaffery, filed April 18, 1883, and from a statement filed January 26, 1884, the other execution only varying in the amount, viz. : original judgment $170.50 revived for $294.55, including interest on original judgment and costs.

"Also the returns thereof showing a levy on real estate.

" Defendant then read in evidence the transcripts of the justice filed in the clerk's office, which are transcripts from the docket of Justice McCaffery, reciting that this is a " suit for revival of judgment rendered before Justice Charles F. Walther, August 9, 1871, for $139.75, for the debt and $2.60 costs. Affidavit of L. S. Bauer filed ; cita-

tion issued to Constable James F. Ryan, April 3, 1883; citation returned duly executed. On April 13th, parties being called, plaintiffs appeared in person, defendant by attorney; defendant moves to dismiss on the grounds of the docket entries in the cause before Justice Charles F. Walther; motion taken under advisement till April 17, 1883; on this day motion overruled, evidence heard, and it is adjudged that the judgment rendered before Charles F. Walther, on August 9, 1871, for $139.75 debt and $2.60 costs be revived, and that plaintiff recover of the defendant the sum of $243.87 debt, being the amount due, with interest included, in the sum of $143.35, from August 9, 1871, to date, together with costs of suit. *Fieri facias* issued April 17, 1883, returnable in ninety days."

The other transcript being the same, varying only in the amount.

These transcripts are indorsed: " Filed April 18, 1883. Charles F. Vogel, clerk."

Defendant also read in evidence the following two statements : —

" I, James McCaffery, a justice of the peace,    *    *    *    do hereby certify that the execution in the case of *Bauer and Bohle* v. *Alexander Miller*, issued to Constable James F. Ryan, April 17, 1883, in favor of Bauer and Bohle, and against Alexander Miller, for $243.87, was, on the 16th day of July, 1883, returned *nulla bona* by Constable James F. Ryan, and costs paid by plaintiffs. Given under my hand this 24th day of January, 1884.

" JAMES McCAFFERY,

" *Justice of the Peace, City of St. Louis, State of Missouri.*"

The other statement only varying in amount.

Upon this evidence, which was heard on February 8, 1884, the motion was submitted, and thereafter, on same day, the execution plaintiffs filed in the clerk's office, the transcripts

of the original judgments rendered by Justice Charles F. Walther in 1871. Whereupon the court, on the next day, February 9th, overruled the motion; defendant excepted; and filed on February 11th, his motion for a rehearing upon the grounds: —

" 1. That the evidence submitted by plaintiffs after the submission of the motion, was incompetent, and gives without notice to, or knowledge on the part of the defendant and without opportunity to him to show cause against the reception thereof.

" 2. That the executions were in fact and in law issued without authority of law and can not be legalized by subsequent acts.

" 3. That the executions do not follow the judgment.

" 4. That the judgments are void upon their faces."

And upon the hearing of this latter motion, defendant (appellant) read in evidence the two transcripts from the docket of Chas. F. Walther, filed since the hearing of the original motion; * * * from which it appears that this was a " suit on note, $170.55; note filed, summons issued to Constable R. Tobin, July 21, 1871, returnable August 9, 1871, at 7 to 10 o'clock a. m. Summons returned duly served. The cause came on to be heard; parties being called, plaintiffs answer; defendant makes default; the cause being on an instrument of writing and not denied under oath, it is considered and adjudged by the justice that the plaintiff recover of the defendant the sum of $170.55, his debt and cost of suit; that he have execution thereof. *Fieri facias* issued to Constable Tobin, August 9, 1871, returnable in ninety days; returned *nulla bona* November 7, 1871. Fee bill issued December 13, 1871. Costs paid."

This is followed by the certificate of James McCaffery, to the effect that the same is a correct and complete transcript of the entries and proceedings, as the same are of record on the docket of Charles F. Walther, late justice of the peace,

and one of his predecessors in office, and whose dockets are now in his possession.

Both transcripts are alike, only varying in amount, and are indorsed : "Filed February 8, 1884.   Charles F. Vogel, clerk."

Upon this evidence, the motion for rehearing was argued and submitted, and by the court overruled ; exceptions taken and the case appealed, and the points relied on here, as they were below, are : —

1. That the issuing of said executions was illegal, for the reasons that at that time no legal transcript of the judgments was filed, nor was there legal evidence of the return by the constable of *nulla bona*.

2. That the original judgments were void, for want of notice to defendant.

1. The statute provides (Rev. Stats., sects. 3004–3006) for a proceeding before a justice of the peace to revive a judgment. This proceeding is upon notice and is in the nature of a *scire facias*, and the statute further provides (sect. 3007), that "a revived judgment shall, upon the entry of such revival, have the same force and effect in all respects as the original judgment." The defendant can not in the proceeding by *scire facias* to revive a judgment, plead matters that go behind the original judgment, even by showing that the domestic court in which it was rendered had no jurisdiction of the person or goods of defendant. *Miller* v. *Shackelford*, 16 Ala. 95. As to this, we need not repeat what we have so recently said in the case of *Simpson* v. *Watson* (15 Mo. App. 425). When the judgment is revived, it can not be necessary for any purpose, to file in the circuit clerk's office the transcript of the original judgment ; no lien would have been created by that transcript, nor could execution have issued upon it. *Walsh* v. *Bosse, ante,* p. 231

2. It would seem that the justice, in reviving the judgment, erroneously entered a new judgment, including

accrued interest. It was his duty to revive the former judgment, and issue a new execution for the amount of the original judgment, together with the accrued interest and costs. Rev. Stats., sect. 3005; *Humphreys* v. *Lundy*, 37 Mo. 320. This was error which might have been rectified upon appeal. As defendant did not appeal, he must be held to have waived this error, and can not rectify it by a proceeding in the circuit court to quash or recall the execution. It is true that the statute provides (Rev. Stats., sect. 2999) in regard to transcripts of justices' judgments, filed in the circuit court, that "such judgment shall be under the control of the court where the transcript is filed," and that under this provision it has been held by the supreme court that the land court had jurisdiction, not only to recall the execution, but to set aside the judgment itself. *Bauer* v. *Bauer*, 40 Mo. 61. But that was in a case in which judgment had been rendered before the justice against a married woman upon a note executed by her during coverture, upon which execution was issued and levied against lands owned by her in fee. The court holds that her note was absolutely void, and intimates that the judgment upon it was void also, and on this ground, that the court might set aside the judgment; but we do not understand the supreme court as holding that, where no appeal has been taken, the circuit court, in a motion to quash execution issued upon a justice's transcript, filed in the circuit court, exercises ordinary appellate jurisdiction, and can correct an error, however manifest, that goes merely to the amount of the judgment, in a case where the justice had jurisdiction. The statute expressly provides that "no judgment rendered by any justice of the peace, shall be deemed invalid, stayed, or in any way affected by reason of any informality in giving such judgment, or entering the same, or other entry required to be made on the docket, or for any other default or negligence of the justice or constable by which neither party shall have been prejudiced."

17

Rev. Stats., sect. 3011. The transcript of the justice who revived the judgment, showed that the citation on defendant has been returned, " duly executed." If the *revivor* was effected without such notice to defendant as the statute requires, he might, if prejudiced thereby, have had relief in a proper proceeding. But we consider that it was no ground whatever to quash or recall the execution issued on the transcript in the circuit court, that the transcript does not set out in what manner service was had, so as to show a compliance with the law in this respect. Under the ruling in *Bauer* v. *Bauer* (*supra*), and in accordance with what is said in *Ruby* v. *Railroad Company* (39 Mo. 480), defendant might, in this proceeding, have shown, if he could, that the judgment of *revivor* was void for want of proper service, or of any appearance on the part of defendant to cure this defect of service. But there was no pretence that defendant had not been duly served, and no offer to show any defect in the service; and the transcript showed that he appeared by attorney and defended before the justice.

3. It is objected that the justice's certificate above set out was no evidence that the execution was returned unsatisfied. The supreme court held in *Carr* v. *Youse* (39 Mo. 353), and in *Ruby* v. *Railroad Company*, (39 Mo. 481), that a mere certificate of the justice as to the issuing and return of execution, not a part of the transcript, is not admissible evidence against the objection of the other party. But it is also held, in the former of these cases, that, if admitted without objection or exception, it may be held sufficient. It is then at least *prima facie* evidence, which justifies the resort to process on the transcript. In the present case, no objection was saved to the introduction of this evidence, nor was there any attempt to contradict it.

For these reasons, we think the judgment should be affirmed. It is so ordered. Judge THOMPSON concurs. Judge LEWIS is absent.