## BARLOW et al. v. DELANEY et al.

*(Circuit Court, E. D. Missouri, E. D.* November 4, 1889.)

**1. COVENANTS—AGAINST KNOWN DEFECTS.**

A covenantee can recover of the covenantor for breach of covenant, although at the time of the execution of the covenant the covenantee knew of the defect covenanted against.

**2. SAME—BY MARRIED WOMAN—SEPARATE ESTATE.**

Rev. St. Mo. § 669, provides that "a husband and wife may convey the real estate of the wife * * * by their joint deed; * * * but no covenant expressed or implied in such deed shall bind the wife or the heirs, except so far as may be necessary effectually to convey from her and her heirs all her right, title, and interest expressed to be conveyed therein." *Held*, that said section does not invalidate a covenant executed by a married woman conveying her separate estate in equity.

**3. SAME—VALIDITY.**

Under Rev. St. Mo. 1865, c. 108, § 7, providing that "lineal and collateral warranties, with all their incidents, are abolished; but the heirs and devisees of every person who shall have made any covenant or agreement [shall be answerable upon such covenant or agreement] to the extent of the lands descended or devised to them, in the cases and in the manner prescribed by law,"—a covenant by one rightfully in possession and owning a limited estate, to warrant and defend against the acts of certain persons named, is valid.

**4. SAME.**

The covenantor had a life-estate, and her children the remainder, under the will of A. The covenant was to warrant and defend against the acts of J., B., or A., "from whom the said [covenantor] derives title." *Held*, that the covenant was valid.

**5. LIMITATION OF ACTIONS—BREACH OF COVENANT—RUNNING OF STATUTE.**

A covenant to warrant and defend is broken only by eviction, or what is equivalent thereto, within the meaning of the statute of limitations.

**6. JUDGMENT—RES ADJUDICATA.**

Complainant had formerly sued the defendants, the heirs of his covenantor, to enjoin them from asserting their title as remainder-men. It was decided that, as they took title not from their mother, the covenantor, but from A., no covenant that she could make would estop them from asserting title. *Held*, that this was not *res adjudicata*, so as to bar complainant from suing defendants to subject a portion of the separate estate in equity of their mother, the covenantor, to the payment of damages sustained by breach of her covenant.

**7. COVENANTS—ACTION FOR BREACH—DAMAGES.**

Defendants asserted title paramount to the property, and threatened eviction, to prevent which the person in possession, holding under complainant, purchased such title paramount, and complainant reimbursed the person in possession for the amount so paid under his warranty. *Held*, that complainant was entitled to recover the amount so paid in the action for breach of covenant.

**8. SAME.**

The costs and counsel fees laid out by complainant in resisting by suit the payment of such sum to the person in possession are not part of the damages to which he is entitled in the action for breach of covenant.

In Equity. On final hearing on pleadings and proofs.

Bill by Peter D. Barlow and others against John O'Fallon Delaney and others, the heirs of Mrs. Octavia Boyce, to establish a lien on certain lands held by her in her life-time as a separate estate. The lands in question had been partitioned among defendants (the heirs of Mrs. Boyce) subsequent to her death. Administration upon her estate had been granted before the covenant of warranty referred to in the opinion was broken, and before the bill was filed.

*W. H. Clopton,* for complainants.

*Thomas K. Skinker* and *George M. Stewart,* for defendants.

BREWER, J. This case is now submitted for final hearing on pleadings and proofs. It was before this court on demurrer to the bill a year ago, and an opinion was filed by my Brother THAYER, in which several questions were considered and decided. 36 Fed. Rep. 577. For a history of the facts out of which this litigation arises, see that opinion, and the case between the same parties, 86 Mo. 583. A restatement of the facts is therefore unnecessary.

Counsel for the defendants have challenged the conclusions expressed by my Brother THAYER, and have reargued to some extent the questions then decided. We have together examined those questions as well as the others in the case, and have reached the following conclusions:

It may be stated generally that the claim of complainants is that a covenant in a deed from Mrs. Boyce has been broken, and this bill is filed to recover on account of that breach. It is, in the first place, insisted by defendants that there is no equity in the bill, because the extent of Mrs. Boyce's title was disclosed by the public records, of which complainants' ancestor, Mr. Barlow, was charged with notice. In other words, the claim is that a covenantee cannot recover of the covenantor for breach of covenant if at the time of the execution of the covenant he knows of the defect covenanted against. A statement of this proposition carries its own answer. The very purpose of the covenant is protection against defects; and to hold that one can be protected only against unknown defects would be to rob the covenant of more than one-half its value, besides destroying the force of its language. If from the force of a covenant it is desired to eliminate known defects, or to limit the covenant in any way, it is easy to say so. General in its language it reaches to all defects within its terms, known or unknown.

Again, it is insisted that the covenant relied on is void because the covenant of a married woman. The property conveyed was a part of her separate estate in equity. I do not know that I can add anything to what has been so well said on this subject in the opinion heretofore filed. The invalidity of covenants affirmed in section 669 of the Missouri Revised Statutes refers by the terms of the section to covenants in a joint deed by husband and wife of her statutory estate. By no reasonable or proper grammatical construction can the words "such deed," in the last clause of the section, refer to other than the joint deed named in the first clause. The deed here was no such joint deed. It was the separate deed of the wife and her trustee, conveying a lot belonging to her separate estate in equity. That she had power to make such a conveyance without her husband, and that she can make any contract with respect to that separate estate as freely as a *feme sole*, must now be considered as settled by the decision of the supreme court in *Turner* v. *Shaw*, 96 Mo. 22, 8 S. W. Rep. 897. This is the declaration of that court upon the question:

"But it may be urged that this deed was utterly invalid, because it was executed by the wife alone. However this may be as to mere statutory estates, which require a joinder of husband and wife in order to their valid execu-

tion, it will not hold as to separate estates in equity, which the wife may charge, mortgage, or convey without let or hindrance from her husband. With regard to such property she is, in equity, a *feme sole,* and has the *jus disponendi,* which is the inseparable incident of ownership. By virtue of this she charges, she incumbers, or she absolutely disposes of it, or she binds it by her parol agreements, just as any other owner would. This position is sustained by abundant authority, both here and elsewhere. *Livingston* v. *Livingston,* 2 Johns. Ch. 537; *Whitesides* v. *Cannon,* 23 Mo. 457; *King* v. *Mittalberger,* 50 Mo. 182; *McQuie* v. *Peay,* 58 Mo. 56; *Claflin* v. *Van Wagoner,* 32 Mo. 252; *Schafroth* v. *Ambs,* 46 Mo. 114; *Kimm* v. *Weippert,* Id. 532; *Lincoln* v. *Rowe,* 51 Mo. 571; *De Baun* v. *Van Wagoner,* 56 Mo. 347; *Gay* v. *Ihm,* 69 Mo. 584; 1 Bish. Mar. Wom. § 853; 2 Bish. Mar. Wom. § 163; *Taylor* v. *Meads,* 34 Law J. Ch. 203."

Again, it is insisted that the covenant was void because commencing by disseisin, and made for the purpose of giving effect to that disseisin. There is much curious and intricate learning in the old common law respecting real estate, much of which is without force or significance under the changed rules of to-day respecting real estate and its modes of conveyance. This old doctrine of the invalidity of warranties commencing by disseisin had reference principally to the matter of estoppel, and its effect upon the title; while the modern covenant is not so much for the purpose of establishing title as for protection in case of failure or defect thereof. But further, by section 7, c. 108, of the Revision of 1865, it was provided that—

"Section 7. Lineal and collateral warranties, with all their incidents, are abolished; but the heirs and devisees of every person who shall have made any covenant or agreement [shall be answerable upon such covenant or agreement] to the extent of the lands descended or devised to them, in the cases and in the manner prescribed by law."

This seems to affirm the validity of a covenant such as this at least, made by one rightfully in possession and owning a limited estate. Indeed, I think it would be rarely found that any of the ordinary covenants in a deed made to-day by one *sui juris* would be declared void on account of any of the old technical rules of the common law respecting warranties and covenants.

Again, it is insisted that, even if the covenant were valid, it would not extend to the defendants' title. Mrs. Boyce had a life-estate, her children the remainder. These estates were created by the will of Ann Biddle, the same instrument creating both estates; and it is urged that it would be an absurdity to say that she warranted against the very instrument under which she herself derived title. The covenant was as follows:

"And the said parties of the first part, O. Boyce and Julius S. Walsh, hereby covenant for themselves, their successors, heirs, * * * to warrant and defend the said real estate unto him, the said party of the second part, and his heirs and assigns, forever, against themselves, the said parties of the first part, * * * and all acts done or suffered by themselves, the said parties of the first part, or John Mullanphy, or Bryan Mullanphy, or Ann Biddle, from whom the said Octavia Boyce derives title."

The meaning of that is plain. She warranted against any act done or suffered by herself. Would it be for a moment thought that that covenant was not broken by the execution of a prior deed by her, and, if that were true as to herself, would it not be equally true as to any conveyance (and the will in this respect is nothing more than a conveyance) made by Ann Biddle or either of the other parties specially mentioned in the warranty? Obviously the covenant was an assurance that no act or deed or omission of either of the parties specially named limited or impaired the full title which she was purporting to convey. No other meaning can be given to this language.

Further, it is urged that, if this covenant be regarded as valid, all right of action thereon was barred before the commencement of this suit; that the covenant was broken, if not before, at least at the time of the death of Mrs. Boyce, which took place more than 10 years before the filing of this bill. But the law of Missouri, like the law generally, seems to be that such a covenant (a covenant to warrant and defend) is broken only by eviction, or what is equivalent thereto. Rawle, Cov. 360; Rev. St. § 3229; *White* v. *Stevens*, 13 Mo. App. 241.

Again, the decision in *Barlow* v. *Delaney*, reported in 86 Mo., *supra*, being between the same parties, and growing out of the same transaction, is specially relied upon by defendants as *res adjudicata*. But the two cases are essentially different. In the case in the state court Mr. Barlow sought to enjoin these defendants from asserting their title as remaindermen, while here he is suing for a breach in the covenant made by their mother. In that case the point of the decision was that, as they took title, not from their mother, but from Mrs. Biddle, no covenant that she could make would estop them from asserting title,—in other words, that she could not convey away by her deed, with any covenants, property which her children obtained from a third party, while here complainants are seeking to subject a portion of the separate estate in equity of Mrs. Boyce to the payment of damages they have sustained by a breach of her covenant. The two cases are essentially different in their nature and the relief sought, and the fact that there are some matters kindred to both, and some expressions of opinion thereon in the various opinions filed in that case as it went through the state courts, on matters which we are forced to consider here, does not make the decision there conclusive here. I think a cause of action exists, and that it is not barred by the statute of limitations, or by any prior adjudications.

Coming now to the measure of damages, the general rule in cases of this kind is the purchase price and interest. But the special facts in this case make another rule the correct one. The defendants were the parties asserting title paramount, and threatening eviction. To prevent that, the party in possession, holding under Barlow, purchased such title paramount. The necessity of such a purchase to prevent eviction is conceded. The amount paid was reasonable; but, whether reasonable or not, it was the amount these defendants exacted. It does not lie with them to say that it was unreasonable. Mr. Barlow, by the terms of his warranty, was bound to protect the parties in possession; and when they

were compelled to buy in a title paramount he was bound to reimburse them for the amount paid therefor. The action of the parties all around, therefore, fixes the amount which complainants ought to recover. It is the amount paid by Mr. Barlow, with interest. And as defendants confessedly have in their possession of the property belonging to the separate estate in equity of Mrs. Boyce, which descended to them, far more in value than the amount thus paid, a decree must be entered that a lien be allowed against the same for the damages sustained. It is admitted that one of the heirs has already paid her share, so that the decree will only be *pro rata* as to the rest.

One question further remains. Mr. Barlow did not pay the parties in possession who had bought the paramount title of defendants without suit. He defended, and now claims that the costs and counsel fees of that litigation are also a part of his damages. It is unnecessary to go into the vexed question as to what costs and counsel fees can in an ordinary case be recovered. These defendants were not notified and called upon to make good their mother's covenant, although they had knowledge of the pendency of the suit in New York against Mr. Barlow. But the truth is, Mr. Barlow's defense was on his own account, for his own benefit. Under the views of law then entertained it was not believed that he had any right to recover against these defendants, so that his defense was only in his own interest, and with the hope of avoiding liability. It was not a defense for their benefit, or at their instance; and, as he chose to carry on that litigation, he must bear the costs of it. Nothing was gained by it as against them. They could not question the rightfulness of the payment to them by the party in possession, or the reasonableness of the amount paid; and the litigation in New York did not strengthen, as against them, either one of these matters, or fix the amount of their liability to Mr. Barlow. I think, therefore, the counsel fees and costs are not recoverable. I believe this covers every matter that requires notice.