King et al. v. Mittalberger.

Court in refusing plaintiffs' instruction. No objection was made at the time of the refusal, and it comes too late in the motion for a new trial for the first time. (Powers v. Allen, 14 Mo. 367; Dozier v. German, 30 Mo. 216; Thompson v. Russell, 30 Mo. 498; Devlin v. Clark *et al.*, 31 Mo. 22; Calvert v. City of Alexandria, 33 Mo. 149.)

---

ANDREW KING AND HENRY C. LACKLAND, Respondents, *v.* LEVICE A. MITTALBERGER, Appellant.

1. *Evidence — Trials — Leading questions — Discretion of court.*— Leading questions are sometimes permissible in a direct examination. When and under what circumstances they are so, rests in the sound discretion of the court trying the case to determine; and its discretion is not assignable for error.

2. *Evidence — Variance — Parties.*—Suit was brought to recover compensation for services alleged to have been rendered in a former suit instituted by defendant. The record of the former suit showed that the suit had been instituted in the name of defendant, and that her trustee was joined with her. *Held*, that the former suit was virtually the suit of defendant, and that the joinder of her trustee did not make the parties so different as to constitute a variance and exclude the former suit as evidence.

3. *Married women, contracts of — Separate estate.*— A married woman possessing a separate estate is treated as a *feme sole* in regard to that estate, and may dispose of it or do whatever is necessary for its protection; and if she becomes discovert she may be sued at law on any contract she may previously have made concerning or binding that estate.

*Appeal from St. Charles Circuit Court.*

*E. A. Lewis*, for appellant.

I. The court erred in admitting the testimony of plaintiff King, given in response to the leading question objected to by defendant. The testimony so drawn out was the only direct testimony

in the case connecting the defendant with any contract between the parties.

II. The court erred in admitting against defendant's objections the record of the case of Gatzwiler v. Morgan. That testimony was variant from the petition, which charged for services rendered in a suit instituted by defendant herself against Morgan, and under a special contract limited to that suit. (1 Greenl. Ev., § 66.)

III. A married woman's contract being a nullity to all intents and purposes, it is sufficient to prove her coverture under a general denial of the contract. (Gould Pl. 325, §§ 38, 39; Fuller v. Bartlett, 41 Me. 241.) It is not attempted in this case to subject a married woman's separate estate to liability for her contract made with reference to it, under the equitable power of appointment. It is purely a personal action, seeking damages for breach of a personal contract, and ending in a general judgment against the defendant personally. (Chapman v. Lemon, 11 How. Pr. 235; Claflin v. Van Wagoner, 32 Mo. 252.) In this case, however, the idea of a specific charge upon defendant's estate, in whole or in part, does not once appear either in the pleadings or the instructions. The petition asserts that the defendant has made a special contract, and that she has violated the same, and asks for judgment against her for the damages occasioned to the plaintiff thereby. The proceeding must in all cases be against the property of the married woman, and her acquisition of a separate estate does not render her any more capable of contracting than she was before. (Whitesides v. Cannon, 23 Mo. 457; Anglett v. Ashton, 1 Mylne & Cr. 105, 111; Francis v. Wigzell, 1 Madd. Ch. 145, 147; 2 Bright. Husb. & W. 254; Adams' Eq. 45; Clancy on Rights, etc., 345; Bauer v. Bauer, 40 Mo. 61; 2 Rop. Husb. & W. 240–43, ch. 21, § 2; Parker v. Lambert, 31 Ala. 89; 1 Grant's Cas. 21; Schlosser's Appeal, 58 Penn. St. 493; Kerby v. Miller, 4 Cold., Tenn., 4; Long v. Long, 1 McCar. 462, 466.) The fact that defendant was a *feme sole* when this suit was commenced can make no possible difference in the case; for, the suit being founded on a special contract, it must stand or fall with the validity or nullity of the alleged contract at the time it was made.

*H. C. Lackland*, for respondents.

No question growing out of defendant's relations as a married woman was raised in the pleadings.   This was suggested in the refused instructions for the first time.   At the time the present suit was brought against the defendant she was a single woman, her husband having died.   This question was settled in the court in which plaintiffs rendered the services for which they now sue, viz : Mittalberger's trustee and Mittalberger v. Morgner, 46 Mo. 49.   It was there decided that it was proper to bring the suit in her own name, because the suit concerned her own separate property and was for her use and benefit.   If she was the proper person to bring the suit, and it concerned her own separate property in which her husband had no interest, she could employ lawyers to bring that suit, and her own separate property would be bound by her contracts for her lawyers' fees.   The right to hold property in her own name necessarily carries with it the right to sue and to be sued in her own name, or to employ attorneys to attend to these suits.   (Meyer v. People's Railway Co., 43 Mo. 526 ; Beardslee, etc., v. Steinmesch, 38 Mo. 168–9.)

WAGNER, Judge, delivered the opinion of the court.

The objection taken to the admissibility of a portion of the evidence, because the question that it was in answer to was leading, cannot be held good in this court to the extent of authorizing a reversal on that ground.   The question was leading in its character, but leading questions are sometimes permissible in a direct examination.   When and under what circumstances they are so rests in the sound discretion of the court trying the case to determine, and its decision is not assignable for error.   (Meyer v. The People's Railway, 43 Mo. 523 ; 1 Greenl. Ev., § 435.)

There was no error in admitting the suit instituted in the Circuit Court in evidence.   The objection taken to its admission was that the parties therein mentioned were different from those described in the plaintiff's petition.   But that suit was brought in the name of the defendant to this action, as plaintiff, and her trustee was joined with her ; it was therefore virtually her suit, and

King et al. v. Mittalberger.

the joinder of her trustee did not make the parties so different, or constitute such a fatal variance, as to justify the exclusion of the evidence. (Wagn. Stat. 1033, § 1.)

The present action was brought on a special contract for professional services rendered by the plaintiff to the defendant. The defense made was a denial of the contract, and on the evidence the jury found for the plaintiff. The only question requiring any consideration is whether the action is maintainable. It seems that when the alleged contract was made and the services were performed the defendant was a married woman possessing a separate estate. But when this action was brought her husband was dead and she was discovert. The suit in which the services were rendered and for which compensation is claimed was prosecuted for her sole benefit and related to her separate estate. It is now contended, however, that her coverture disabled her from making the contract, and that it was wholly void. Had the contract been a personal one and a mere legal promise to pay, this would be unquestionably true. But a married woman possessing a separate estate is treated as a *feme sole* in regard to that estate, and may dispose of it and do whatever is necessary for its protection. The defendant had full and complete authority to employ attorneys to maintain her rights in the estate, and a liability to pay for their services was thereby created. If the plaintiffs had attempted to obtain their pay while the defendant was a *feme covert* they could not have maintained their legal action, but would have been under the necessity of resorting to a proceeding in equity to subject the estate specifically to the payment of the demand. But the claim is a valid one, the defendant is now *sui juris*, and we do not perceive any good reason why the action may not be maintained against her, as it appears that her separate estate is still in existence.

Judgment affirmed. The other judges concur.