Emilie D. Holthaus, *et al.*, Respondents, *vs.* Charles Hornbostle, Appellant.

1. *Equity—Bill to enjoin execution sale—Plaintiff in execution made sole defendant.*—Where property is seized on execution, a bill to enjoin the sale which makes the plaintiff in execution the sole defendant, is as effectual as though the officer were made party defendant, and included in the decree.

2. *Married woman may hold personal property exempt from execution, and without trustee.*—In equity a married woman may hold personal property to her sole and exclusive use, without the intervention of a trustee, and will be protected therein against the claim of the husband and his creditors, where the deed is not made in fraud of their rights. And her right is not in any wise limited to stocks, etc., referred to in § 19, ch. 94 Wagn. Stat. p. 936. And such gift from a third party will not be affected by the insolvency of the husband.

The property may be given by parol. But proof of the gift must be clear and positive, and free from any suspicion of fraud.

*Appeal from Buchanan Circuit Court.*

*Judson, Barnard & Molter*, for Appellant.

I. By the common law, the husband, by marriage, acquired an absolute title to all personal property belonging to the wife, and to all personal property subsequently acquired by the wife during coverture. (Reeves Dom. Rel., 1.)

The common law has been modified by the statute exempting from attachment or levy of execution for the sole debts of the husband, the rents, issues and products of the real estate of any married woman (Wagn. Stat., 935, § 14); also personal property consisting of stocks and bonds, given by a parent to a daughter. (Wagn. Stat., 936, § 19; Fiske vs. Wright, 47 Mo., 351; Woodford vs. Stephens, 51 Mo. 443.) But the modification extends no further.

II. There is no pretence in plaintiffs' petition, and no testimony at the trial, of the creation of a trust. They claim the property levied upon as the separate property of the wife, on the sole ground of the naked gift of $600 given to Mrs. Holthaus by Henry Lipps in 1870, when the business was first entered upon. The testimony does not show a state of facts from which a trust can be implied.

III. While this is in form an equitable action by the wife to protect her separate estate from her husband's creditors, the

evidence shows it to be in fact an effort on the part of the husband to secrete and protect his own earning from the payment of his debts.

*F. T. Ledergerber and Bennett Pike*, for Respondents.

I. A trust may be created by parol. (6 Bush., [Ky.] 328; 2 Metc., [Ky.] 509; 37 Barb., 49; 3 Paige Ch., 440; 9 Ind., 347; 44 Mo., 132; Sto. Eq. Jur., [ed. of 1873] § 972, referred to in 46 Mo., 117; 23 Iowa, 577.)

II. The fact that the wife employed her husband in the business being fully explained, is no longer in the case so as to affect plaintiff's right. (33 N. Y., 418; 44 Mo., 343; 6 Penn., 383.)

III. The agreement is good, unless it be shown to be fraudulent. (51 Ill., 417; 39 Barb., 61; 47 Penn., 220, 227; 50 *Id.*, 266; 65 *Id.*, 191.)

In equity the intervention of trustees is not necessary to the validity of a gift from husband to wife, (46 Mo., 81); and such gift may be made by a third party, notwithstanding the insolvency of the husband (8 Paige Chy., 167); and may be used in business for which he may be her agent, etc. (33 N. Y., 518.)

Hough, Judge, delivered the opinion of the court.

The complainants are husband and wife, and obtained, in the Circuit Court of Buchanan County, an injunction perpetually restraining the defendant from proceeding to sell under an execution in his favor, and against the husband, certain personal property claimed by the wife, as her separate estate.

It appears from the record, that the complainants were married in 1862, and lived in Atchison, Kansas, and that the husband, who was a baker and confectioner, was then possessed of considerable real estate and personal property; that in the year 1870 he failed in business, and after surrendering all his property, real and personal, for the benefit of his creditors, was still in debt to the amount of twenty-five hundred dollars, and being without the means of supporting his family,

his wife, Mrs. Holthaus, who then had three children, went to the house of her step-father, Henry Lipps, in Atchison, who provided for them until March, 1870, when he purchased and put her in possession of a bakery, confectionery and ice-cream saloon in the city of St. Joseph. This property, which was all personal, cost about seven hundred dollars.

At the time of this gift to his step-daughter, Lipps, who knew that her husband was in debt and insolvent, was careful to inform them both that it was intended as a provision for the support of Mrs. Holthaus and her children, and was for her separate use and benefit, and that neither the property, business nor profits should ever be claimed, interfered with, managed or controlled by the husband. This arrangement was acquiesced in by the husband, and the purchase was made with that understanding, and he afterwards worked in the bakery for his wife, and received a stipulated sum for his services, no part of which earnings of his went into the business conducted by her. These facts distinctly appear, and are not contradicted.

Soon after his failure, Holthaus executed, jointly with his former partner, a note to the defendant, for the sum of one-hundred and forty dollars, for goods purchased by them in their business, several years previously. Sometime in June, 1871, the defendant obtained judgment against the complainant, Emilie Holthaus, on this note, and in August following had an execution issued and levied upon a portion of the property given, as before stated, to Emilie D. Holthaus, by her step-father, Lipps. The defendant offered no testimony.

No questions as to pleadings or evidence are saved in the record, and the case comes before us solely on the propriety of the decree awarding the perpetual injunction.

A court of equity is undoubtedly the tribunal to which a married woman should appeal for the protection of her separate estate from the creditors of her husband, and a decree against the plaintiff in the execution, as sole defendant, would be as effectual as though the officer having the process had

been made a party and included in the decree. (Olin vs. Hungerford, 10 Ohio, 269.)

It is contended by the appellant, that the property levied upon was subject to seizure and sale under the execution against the husband, by reason of the common law rule, that the husband, by marriage, acquires an absolute right to all the personal property in possession, belonging to the wife, and all subsequent acquisitions by her of choses in possession.

The statute exempts from levy under execution against the husband, except for debts contracted by him for necessaries for his wife and family, the rents, issues and products of her real estate, and all moneys and obligations arising from its sale, and any stocks and bonds of any kind, given by a parent to a daughter, together with the proceeds thereof. These exemptions include only such personalty of the wife as would not be entitled to protection in equity, and which would not, but for such enactment, be secured to the wife against the claims of the husband, or his common law right to reduce the same to possession.

It is plain that the property seized in this case does not fall within any of these statutory exemptions, and it is argued that it is therefore subject to a sale as the property of the husband. But it must be remembered that it is an established doctrine of courts of equity, that a married woman is capable of taking personal estate, to her own separate and exclusive use, and that such property will be protected against the marital rights and claims of the husband, and of his creditors also. (Woodford vs. Stephens, 51 Mo., 447; 2 Sto. Eq., §§ 1378, 1380.)

Nor is it necessary that such property should be either conveyed or transferred to a trustee to hold for her. Though it should,in fact, be in the hands of the husband, he will be held to be a mere trustee for her. (2 Sto. Eq., § 1380.) Nor need the creation of such estate in personalty be evidenced by writing, as in the case of land. While prudence would dictate that it should be so evidenced, and public policy might seem to require it, yet, as the law now is, a separate estate in personal

property may be created in a married woman, by a parol gift. (Finley and wife vs. Roll, 2 Metc., [Ky.] 509 : Walton vs. Broaddus, 6 Bush., 328.) In every such case, however, the proof must be clear and positive, and free from any suspicion of a fraudulent combination for the concealment of the husband's property from his creditors. The indebtedness and insolvency of the husband, however, are matters of no moment, when the gift is clearly shown to have proceeded from a third person, and not indirectly from him. These facts furnish the very best reason for creating such estate and frequently constitute the only reason for such donations from generous relatives and friends, for the benefit of wives of unfortunate, or improvident and dissolute husbands, and their children. Genuine beneficence of this kind there is every inducement to encourage and uphold. It is partly from such considerations as these, that what is known as the wife's equity to a settlement, arises, when she receives personal property during coverture, without any limitation to her separate use. (Wickes vs. Clark, 8 Paige, Ch., 161.)

The gift, in this case, having been clearly established to have been made for the separate use of Mrs. Holthaus, by her step-father, and the husband having agreed to so regard it, before and at the time of the gift, and having ever since acquiesced in it, and as it does not appear that the character impressed upon this property at the time of its acquisition, has, at any time since, been lost or in any way altered, it is our duty to preserve its enjoyment to her, according to the terms of the gift.

The decree of the Circuit Court will therefore be affirmed ; all the judges concur except Judge Vories, who is absent.