MARTIN *et al.*, *Plaintiffs in Error*, v. COLBURN.

1. **Married Woman** : SEPARATE ESTATE. Where land or other property is purchased by a husband with the proceeds of his wife's separate estate, it is in equity her separate estate, unless her intention to the contrary is shown, and this is the case although the title was taken in his name.

2. Separate Estate : CONVEYANCE OF. A wife cannot convey land although it is her separate estate, without her husband joining in the conveyance. (Black and Sherwood, JJ., dissenting).

*Appeal from Cass Circuit Court.* — HON. NOAH M. GIVAN, Judge.

REVERSED.

*W. O. Cunningham* and *A. Comingo* for plaintiffs in error.

(1.) The deed by which Mrs. Martin acquired title creates in her a pure, legal estate ; and it is not competent, under the peculiar facts disclosed in this case, to assail or change the title with which she is invested. This could only be done by charging fraud or mistake in the execution of the deed to her, which is not pretended. Parol and other evidence designed and tending to show that she might have been invested with a separate estate was, therefore, not competent, and it was error to admit it. *Tisson v. Ins. Co.*, 40 Mo. 33 ; *Young v. Coleman*, 43 Mo. 179 ; *Jennings v. Brizendine*, 44 Mo. 332 ; *Schafroth v. Ambs*, 46 Mo. 580 ; *Paul v. Leavitt*, 53 Mo. 595 ; *Morrison v. Thistle*, 67 Mo. 596 ; *Pearle v. Harvy*, 70 Mo. 160, 167. (2) A wife cannot convey her separate estate without her husband joining in the conveyance. R. S., sec. 669 ; *McChesney v. Brown, etc.*, 25 Gratt. 400 ; *Burging v. McDowell*, 30 Gratt. 244 ; *Townsley v. Chapin*,

12 Allen, 476; *Armstrong v. Ross*, 20 N. J. Eq. 109; *Ewing v. Smith*, 3 Desaussure, 417; *Sherman v. Turpin*, 7 Cald. 382; *Gray v. Robb*, 4 Heisk. 74; Story's Equity, secs. 1391-2; 2 Bishop on Married Women, sec. 167 *et seq.; Parent v. Culerand*, 64 Ill. 99; *Bressler v. Kent*, 61 Ill. 426; *Cole v. Van Riper*, 44 Ill. 58; *Shumaker v. Johnson*, 35 Ind. 34; 52 Ind. 68. (3) Under the evidence in this case, the land was not the separate estate of the wife, but was her legal estate.

*Boggess & Moore* for defendant in error.

(1) The property involved in this suit was the wife's separate estate. 3 Pomeroy's Eq. secs. 1103-4; *City, etc., v. Hamilton*, 34 N. J. E. 158; *Beal's Ex'r v. Storm*, 26 N. J. E. 372; *Klenke v. Kœltze*, 75 Mo. 239. (2) Parol evidence was admissible to show the land was the wife's separate property. 3 Pomeroy's Eq. secs. 1103-4. (3) A wife can convey her separate estate without her husband uniting in the conveyance. *Whitesides v. Cannon*, 23 Mo. 457; *Sharp v. McPike*, 62 Mo. 300; *Claflin v. Van Wagoner*, 32 Mo. 252-4; *Schafroth v. Ambs*, 46 Mo. 114-116; *Tuttle v. Hoag*, 46 Mo. 38-43; *Coughlin v. Ryan*, 43 Mo. 99; *Bruner v. Wheaton*, 46 Mo. 363-366; *Kimm v. Weippert*, 46 Mo. 532; *King et al. v. Mittalberger*, 50 Mo. 182-185; *Bank v. Taylor*, 53 Mo. 444-449; *Meyers v. Van Wagoner*, 56 Mo. 115; *M'Quie v. Peay*, 58 Mo. 56-59; *Welch v. Welch*, 63 Mo. 57; *Plass v. Thomas*, 6 Mo. App. 157; 1 Bishop on Married Women, secs. 852-3; *Ib.* 863; *Slaughter v. Glenn*, 98 U. S. 242-6.

HENRY, C. J.—Plaintiffs sued defendant in ejectment for the possession of eighty acres of land in Cass county which the wife had conveyed to the defendant by deed in which her husband did not join. The defence was a general denial and also special, setting up the fact that it was real estate held by the wife as her separate property, although that fact did not appear upon the face of the

deed, but was established by evidence *aliunde*. There was a judgment for defendant, from which plaintiff has appealed. The defendant and two other parties by their joint deed conveyed this land to Mrs. Martin on the eleventh of February, 1875, and the evidence tends to prove that it was purchased by her with the proceeds of property which was devised to her by her father, to her sole and separate use. On the twenty-eighth of January, 1875, her husband executed and acknowledged an instrument of writing which recited the provisions of said will, and that Mrs. Martin had become the owner of land in Cass county as her separate estate, and had desired him to assume its management, and declaring that he had no interest, he undertook to manage and control it as she might in writing request, for her sole and separate use.

While the paper does not specify what land in Cass county she had acquired, and in fact she had then received a deed for none, yet considering all the facts and circumstances, no doubt can be entertained that it either related to the land purchased of defendant, embracing the eighty acres in controversy, or to such lands as she might thereafter acquire in Cass county. In these respects the case bears some resemblance to that of *Klenke v. Kœltze*, 75 Mo. 239. Where land or other property is purchased by the husband with the proceeds of his wife's separate estate, whether the title is taken to her or to himself, it is in equity her separate estate unless her intention to the contrary is shown. 3 Pom. Eq. secs. 1103, 4 ; *City Nat. Bank v. Hamilton*, 34 N. J. E. 158. We are of the opinion that Mrs. Martin had in equity a separate estate in the land in controversy, and shall proceed to consider a question of more difficulty, viz : Whether by her own deed, her husband not joining her in executing it, she could convey the land ? In England the law has fluctuated on this subject, as will be seen by an examination of the opinion of Judge Leonard in the case of *Whitesides v. Cannon*, 23 Mo. 457, and that of Green, J.,

in the case of *Radford v. Carwill*, 13 W. Va. 573, in which the vacillations of the English courts are very ably traced. But in this country the adjudications are nearly all one way. In some of the states statutes have been enacted empowering a married woman to convey real estate held by her as her separate property by deed without joining her husband, as in Maine, Michigan and Massachusetts. Except in states in which the statute has empowered the married woman, I have found no case in the United States recognizing her right to convey real estate by her own deed where that was the precise question for determination. "This species of property, whether in things real or personal, is exclusively the creature of a court of equity." Judge Leonard in *Whitesides v. Cannon, supra.*

In equity it is chargeable with her debts, while at law she can contract no debts. Her debts are not liens upon her separate property "by any power of appointment, but by the decree of a court of equity making them such." Lord Cottingham in *Owens v. Dickerson*, 1 Cr. & Ph. 48. Her power to charge her separate estate is not based on the *jus disponendi*. In fact she does not charge it, but equity does it for her. *Davis v. Smith*, 75 Mo. 219. The whole doctrine on the subject lies within the domain of equity. It is urged that if the power to subject her land to the payment of debts she may contract be conceded, then logically she should have the power to do that directly which she may accomplish by indirect means. Numerous cases recognize the distinction between incumbrances as created by deed and liens or charges enforced in equity; and there is this difference between incumbrances placed by the married woman upon her real estate, and those charges which are established as liens against it by courts of equity, that in the former transaction she has no one to protect or guard her interest, while in the latter the court of equity which estab-

Martin v. Colburn.

lished the charge will not do it unless it would be inequitable to refuse it.   I am aware that the language of Judge Leonard in *Whitesides v. Cannon, supra,* is broad enough to countenance defendant's contention here, but that was not a case in which the *femme covert* had executed a deed or mortgage, but had joined her husband in a promissory note for the payment of which it was sought to subject her separate real estate.   What he said was *arguendo,* and how he would have decided the precise question now before us we can only conjecture.   *Kimm v. Weippert et al.,* 46 Mo. 532, was a similar case.   Certain it is that it has not been the practice of conveyancers in this state to prepare deeds for married women to. execute, conveying their separate real estate without joining their husbands.   *Whitesides v. Cannon,* was decided twenty-nine years ago, and I doubt if any married woman within that period has attempted in this state, except in this case, to convey her separate real estate by deed without joining her husband.   No such case has ever been in this court. The weight of authority against the proposition is overwhelming.   In Story's Equity (11 Ed.) sec. 1392, Judge Story says:   "As to this the received doctrine seems to be, that if an estate is during coverture given to a married woman and her heirs for her separate use, without more, she cannot in equity dispose of the fee from her heirs, but she must dispose of it, if at all, in the manner prescribed by law."   To the same effect is Roper on the Law of Husband and Wife, Vol 2. 184 ; *Wright v. Brown,.* 44 Pa. St. 237 ; *Peck v. Ward,* 6 Harris (18 Pa. St.) 508 ; *Thorndell v. Morrison,* 1 Carey (25 Pa. St.) 326 ; *Stoops v. Blackford,* 3 Carey (27 Pa. St.) 218 ; *Harrison v. Stewart,* N. J. Eq. 3 Green 451 ; *Armstrong v. Ross,* 20 N. J. Eq. 110 ; *Pentz v. Simpson,* 2 Beasley, 235 ; *McChesney v. Brown's Heirs,* 25 Grat. 400 ; *Gray v. Robb,* 4 Hick. 74 ; *Sherman v. Turpin,* 7 Caldwell (Tenn.) 382 ; *Miller v. Wetherby,* 12 Iowa, 420 ; *Dodge v. Hollinshead,* 6 Minn. 25 ; *Miller v.*

*Hine,* 13 Ohio St. 565. And the statutes of those states which expressly confer upon the *femme covert* the power to convey by her sole deed, are recognitions that but for the statute she had no such power, and in most of their adjudications upon cases under those statutes it is conceded that but for such express legislation the married woman has not the *jus disponendi* of her separate real estate.

Our statute authorizes the conveyance of the wife's real estate by the joint deed of herself and her husband. At common law it could only be done by suffering a fine, or common recovery, and now since they are abolished she derived all her authority to convey her land from the, statute. As remarked by Judge Black in *Peck v. Ward*, 6 Harris (Pa. St.) 508 : "The salutary rule is, therefore, in full force, which forbids anyone taking title to the wife's property, unless it be conveyed by deed, not only with her own free consent, but under the protection and by the advice of her husband. This is necessary to the happiness and interests of both." The statute was intended to shield her against any indiscretions into which. her inexperience might lead her, with respect to her property ; to protect her against the schemes of designing persons who might covet her estate, and, above all, to preserve harmony and happiness in the household which might be seriously disturbed by the conveyance of her real estate, by the wife, without consulting, or, as in this instance, against his remonstrance.

Conceding, for the argument, the logical result of the doctrines of the courts of equity in relation to charging the debts of a married woman against her separate estate, to be as contended by appellants' counsel, I am not aware that that logical result has been reached by the adjudication of any court of last resort in this country where that was the precise point involved ; certainly no such case has been cited by counsel ; whereas, in numerous cases, involving the identical question, the contrary has been expressly ruled. In equity, however, defendant may

have the amount he paid to Mrs. Martin for the land and improvements made by him charged against it.

The judgment is reversed and the cause remanded with directions to dispose of it as herein indicated. Norton and Ray, JJ., concur; Black and Sherwood, JJ., dissent.

BLACK, J., DISSENTING.—I dissent from the proposition that a deed of a married woman conveying her separate estate is of no validity unless the husband is a party thereto. The powers of a married woman over her separate estate are, it would seem, in some of the states limited to the express terms of the instrument creating the estate. The very reverse is the English, as well as the rule of this state. 1 Lead. Cas. Eq. 405. The majority opinion quotes from Story's Eq. sec. 1392. I understand the author there to speak of an exceptional case, i. e., where the separate property is given to the wife by a third party during coverture without the appointment of a trustee ; as to which it is said, "The received doctrine is that if the estate is given to her and her heirs for her separate use, without more, she cannot in equity dispose of the fee from her heirs ; but she must dispose of the same, if at all, in the manner prescribed by law, as by a fine." But it is also stated that if a clause be added, giving express power to convey, then courts of equity will treat such power as enabling her effectually to dispose of the estate notwithstanding no trustees are interposed. The reason for the distinction is, it is also stated, that the terms, "for her separate use," are not supposed to indicate any intention to give her more than the sole use and power of disposition of the profits of the real estate during the life of her husband. The same author previously, and in section 1390, says, "It may be now laid down as a general rule that all ante-nuptial agreements for securing to the wife a separate estate will, unless the contrary is stipulated, give her full power of disposing

of the same whether it be real or personal property, the same as if she were a *femme sole*."

Now in the first place, I do not see how the distinction thus made in the text of Story can aid the plaintiffs in this case, for the right of the wife to alienate the rents and profits for the life of the husband, is clearly recognized, and that would defeat this action. In the next place does any such a distinction exist in this state? The established doctrine is that to create a separate estate with all the powers that can or do attach thereto, the interposition of a trustee is not necessary. *Schafroth v. Ambs*, 46 Mo. 116 ; 60 Mo. 442. If adequate words are used to create a separate estate, the powers and incidents of such estates follow, and we look to the instrument, not for a specification of the powers, but rather for limitations upon them. Even if a particular mode of disposition is pointed out that will not preclude her from any other unless restrained to the very method pointed out. *Kimm v. Weippert et al.*, 46 Mo. 536 ; *Green v. Sutton*, 50 Mo. 191. When the separate estate has been subjected to the payment of debts of the married woman, the relief has been extended to the entire separate estate and not limited to the rents and profits during the life of the husband. It is clear the distinction before noted has never been recognized in this state, and the general rule as stated by that eminent author applies in this state whether the separate estate be created before, after, or in contemplation of immediate marriage, and it can make no difference that the estate is given to her by a third person. The important inquiry is : Has she a separate estate? If she has, the powers and incidents follow unless expressly limited. The doctrine of *Hulme v. Tenant*, 1 Bro. Ch. 20, where it was said "a *femme covert* acting with respect to her separate property is competent to act in all respects as a *femme sole*," has certainly been adopted as the doctrine of this court. The subject was thoroughly considered by Judge Leonard in *Whitesides*

*v. Cannon*, 23 Mo. 457, and the result reached "that if the trust be for the wife's separate use without more, she has an alienable estate independent of her husband, which she may dispose of as a *femme sole* owner, and that she has the other power incident to property in general, the power of contracting debts to be paid out of it." Subsequent cases following that assert in unequivocal language that a married woman possessing a separate estate is as to that a *femme sole*, and in equity is as completely clothed with the power of disposition as any other property owner. *King v. Mittalberger*, 50 Mo. 185; *DeBaun v. Van Wagoner*, 56 Mo. 347; *M'Quie v. Peay*, 58 Mo. 56.

But it is said these remarks were made in cases brought to subject the separate estate to the payment of debts, and did not involve the question now before the court. The most casual reading of *Whitesides v. Cannon* will show that the *jus disponendi* is at the very foundation of the whole doctrine of separate estates of married women. Having the power to deal with her separate property, she has the incident, *i. e.*, the power of contracting debts to be paid out of it. 1 Lead. Cas. Eq. 399; Story on Eq. sec. 1397. The majority opinion gives a recognition to the incident, but for the first time in the jurisprudence of this state denies the existence of the very foundation principle upon which the incident has always been made to rest. That the rulings in the different states are diverse upon this subject is, we suppose, well understood. This is due in part to the want of similarity in the statute laws. These laws, often taken as a whole, indicate some general policy which the courts seek to enforce. Again, in the absence of any statute, many of the states have followed or pursued a different line of adjudications. This is enough to show the importance of adhering to our own adjudications when well understood, as it is believed they are. When this court has said again and again that a married woman

as to her separate property is a *femme sole;* that as to such property she has the power in equity to sell and dispose of the same independent of her husband, how can it be said the court did not mean what was thus stated as the law? It is because of the *jus disponendi* that a defective deed of trust was held to be an equitable mortgage in *M'Quie v. Peay,* 58 Mo. 56. This is the more apparent by contrasting that case with *Heard v. Taubman,* 79 Mo. 102. Mr. Bishop in his Law of Married Women, vol. 2, sec. 163, says that the proposition that "in equity a married woman is considered as a *femme sole* in respect of her separate property," plainly includes the narrower one that she can sell and convey such property by her own sole act without her husband, the same as if unmarried. The same author in speaking of the form of the conveyance, at section 185, vol. 2, says: "In the absence of any express provision in the deed of settlement, the leading doctrine is that the wife acts as a *femme sole* in the disposition of her separate equitable estate; consequently that any form of conveyance which would bind her or the estate in equity if she were unmarried, will be good though her husband does not join in it, and though there is no privy examination." Citing *Sturgis v. Corp,* 13 Ves. 190; *Wagstaff v. Smith,* 9 Ves. 520; *Pybus v. Smith,* 1 Ves. Jr. 189; *Feltiplace v. Gorges,* 1 Ves. Jr. 46; *Powell v. Murray,* 2 Edw. Ch. 636; and *Leaycraft v. Hedden,* 3 Green Ch. 512. The statute which provides that "a husband and wife may convey the real estate of the wife, etc., by their joint deed," etc., is an enabling statute designed to give them power to convey the wife's general property in which the husband has a marital interest. I am not aware that it has ever before been regarded as a disabling statute. The remarks made in *Huff v. Price,* 50 Mo. 228, would clearly indicate that the statute did not interfere in the least with the wife's power over her separate property. I hold that it does not. The answer in this case sets

up an equitable defence ; that defence properly prevailed in the trial court. Sherwood, J., concurs.