DANIEL W. CLIFTON *et al.*, Respondents, v. JOHN ANDERSON, Appellant.

St. Louis Court of Appeals, November 24, 1891.

1.  **Married Women:** CHARACTER OF ESTATE. Land owned by a married woman cannot constitute a separate estate in equity and at the same time a statutory estate under the act of 1875. (R. S. 1879, sec. 3296.) And the fact, that it was purchased with her means between 1875 and 1889, will not make it her separate estate in equity, when the conveyance of it to her does not use terms creating such an estate, and there is no evidence to rebut the conclusion that she took merely a statutory estate.

2.  ———: CHARGING STATUTORY ESTATE. Land owned by a married woman, and as to which she has a statutory estate under the act of 1875, cannot be charged with the oral promise of herself and her husband; and, therefore, when a mortgage on such land is discharged with money advanced to her for that purpose on the promise of herself and her husband to execute a deed of trust on the land to secure the loan, and, owing to her death, such deed of trust is not given, the creditor is not entitled to relief in equity either by having the debt decreed a charge upon the land, or by way of subrogation to the mortgage which was discharged.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*S. S. Merrill* and *E. J. O'Brien*, for appellant.

(1) When land is bought with the separate property of the wife, and the conveyance is made to her, such property is her separate property, though the conveyance may show only a legal title. *Martin v. Colburn*, 88 Mo. 229, 231; *Boston v. Murray*, 94 Mo. 175. The land in controversy, having been bought with the separate property of Sarah Clifton, became her separate property, though the deed of conveyance only expressed a legal title, in the absence of evidence to show her intention to the contrary. *Martin v. Colburn*, 88 Mo. 229, 231. If any written evidence is required to show that this land was Sarah Clifton's separate estate, the deed of trust, executed by herself and husband simultaneously with the deed of conveyance to her, is sufficient therefor. That deed of trust provides, that her interest in the property—the residue after paying unpaid purchase money and expenses—should, in case of a sale thereunder, be paid to her personally. The two deeds are regarded in law as one transaction. *Patterson v. Donner*, 48 Cal. 369; *Clapp v. Draper*, 4 Mass. 266, 267; *Pepper v. Haight*, 20 Barb. 429, 435; 2 Devlin on Deeds (1887), ch. 31, pp. 407–410, secs. 1101–3. The money with which this real estate was bought was the separate property of Sarah Clifton. The money given her was her separate property. *Gabriel v. Mullen*, 30 Mo. App. 464, 467; *Blair v. Railroad*, 89 Mo. 383, 391; *Broughton v. Brand*, 94 Mo. 169, 174. The money received from the sale of the land given her was her separate property. *Houx v. Shaw*, 25 Mo. App. 233, 236; *Rodgers v. Bank*, 69 Mo. 560; *Gilliland v. Gilliland*, 96 Mo. 522. (2) This land is subject to

defendant's claim, because he advanced money to pay off the deed of trust for the purchase money at the request of the owner, Sarah Clifton, which money was so applied. Equity subrogates the defendant to the rights of the *cestui que trust*. The principle is, that the property has been relieved of a burden by such assistance, and should equitably pay therefor. This is a doctrine of equity not growing out of contract ; nor should it be affected by questions of the right of married women to contract. It is merely a creation of equity, which oversteps the rules of the common law in order to do justice. *Norton v. Highleyman*, 88 Mo. 621, 624; *Johnson v. Goldsby*, 32 Mo. App. 560, 564; *Evans v. Halleck*, 83 Mo. 376, 379 ; *Wolff v. Walters*, 56 Mo. 292, 295 ; *Crippen v. Chappel*, 35 Kan. 495, 499 ; *Bolman v. Lohman*, 74 Ala. 507, 511, 512; *Philbrick v. Shaw*, 61 N. H. 356 ; 1 Jones on Mort. [ 4 Ed.] sec. 874*a;* 3 Pom. Eq. Juris. (1883), sec. 1212 ; *Bank v. Thompson*, 32 N. J. Eq. 133. The equity is allowed, unless the party paying is a mere volunteer. *Edwards v. Davenport*, 30 Fed. Rep. 756 ; *Mosier's Appeal*, 56 Pa. St. 76, 80. It is not necessary for such person to pay all the debt, provided it has been fully paid. Dixon on Subrogation, p. 123 ; Sheldon on Subrogation, p. 147, secs. 248, 828 ; 1 Jones on Mort. [ 4 Ed.] sec. 874*a*. Such third person need not pay the debt in person. He can give the money to the debtor and let him pay the debt. Dixon on Subrogation, p. 10 ; *Bank v. Thompson*, 32 N. J. Eq. 133. It cannot be objected that such agreement to give a deed of trust was not in writing. Unless the contract is denied, the statute of frauds cannot be urged unless it is pleaded. *Springer v. Kleinsorge*, 83 Mo. 152, 155 ; *Allen v. Richard*, 83 Mo. 55, 60 ; Waterman on Specif. Per., sec. 248. Equity will enforce a parol agreement, which by his pleading the adverse party admits to be true. 2 Story's Eq. Juris. [13 Ed.] sec. 755.

*George R. Lockwood*, for respondents.

( 1 )   The prayer of plaintiffs' bill must be granted, and no decree can be rendered herein affecting D. W. Clifton's curtesy estate. *Clifton v. Anderson*, 40 Mo. App. 616.   ( 2 )   Mrs. Clifton's interest in this property was not a separate estate.   See deed from Smith and wife ; *Nicholson v. Flynn*, 24 Mo. App. 574 ; *Edwards v. Burns*, 26 Mo. App. 44 ; *Paul v. Leavitt*, 53 Mo. 595 ; R. S. 1889, sec. 6869.   ( 3 )   If this property was not Mrs. Clifton's separate estate, it cannot be charged generally nor specifically ( as by subrogation ) with the payment of her alleged debt.   *Clifton v. Anderson*, 40 Mo. App. 616 ; *Arnold v. Brockenbrough*, 29 Mo. App. 625 ; *Wolff v. Walters*, 56 Mo. 295 ; *Mueller v. Kaessmann*, 84 Mo. 318 ; *Bank v. Collins*, 75 Mo. 280 ; *Gerrin v. Smurr*, 101 Mo. 550 ; *Rush v. Brown*, 101 Mo. 586.   ( 4 )   But even if this property had been a separate estate, no right of subrogation is shown, because of the character of the alleged agreement.   *Wolff v. Walters*, 56 Mo. 295 ; *Wooldridge v. Scott*, 69 Mo. 669 ; *Price v. Estill*, 87 Mo. 386 ; *Bunn v. Lindsay*, 87 Mo. 395 ; *Christy v. Scott*, 31 Mo. App. 338 ; *Johnson v. Goldsby*, 32 Mo. App. 565.

ROMBAUER, P. J.—Three of the plaintiffs are children of Sarah Clifton, deceased, and they join with their father, the plaintiff, Daniel W. Clifton, in this action to set aside a judgment of the circuit court, which decreed that an advance of $500, made by the defendant Anderson to their mother Sarah, for the purpose of paying off an incumbrance on her land, was a charge upon that land, which they claim by descent.

The first trial of the case resulted in a judgment in defendant's favor.   That judgment was reversed upon appeal upon the sole ground, that the first decree had been rendered in an action by John Anderson against Daniel W. Clifton as administrator of Sarah Clifton,

and hence, regardless of the character of the title of Sarah Clifton, was ineffectual to affect the title of her children in the land charged with the decree. We remanded the case in order to enable the defendant to assert his equities, if he had any, independent of the decree. The decree itself under the facts shown was bound to be vacated, and we so decided upon the former appeal. *Clifton v. Anderson*, 40 Mo. App. 616.

Before the retrial of the cause the defendant filed a cross-bill. He denied the allegations of the plaintiffs' petition, and, as a ground for independent relief, averred that the property in question was the separate property of Sarah Clifton. He further averred that, the property being incumbered by the lien of a deed of trust, he advanced $500 to Sarah Clifton to remove the incumbrance upon the joint promise of herself and her husband to execute a deed of trust on the property to secure to him the repayment of the $500 thus advanced, and that the $500 were actually used in removing the incumbrance. He also avers that the parties failed to execute such new deed of trust, owing to the unexpected death of Sarah Clifton (which the petition states occurred more than eight months after the promise), and that he thus failed to obtain the promised security. The cross-bill prays for a decree making the advance a charge upon the land, and also for further relief. The prayer for general relief seems to be inserted with a view of claiming subrogation to the right of the first mortgagee to the extent of $500 and interest, should the facts disclosed by the evidence warrant it. The cross-bill contains no express averments, that Sarah Clifton by her promise intended to charge the land. The allegations of the cross-bill were denied.

Upon these pleadings the case was tried, the trial resulting in a decree in favor of the plaintiffs both upon the bill and cross-bill. The defendant now complains that the court erred in not granting to him the relief prayed for in his cross-bill, as he was legally entitled to it under the evidence.

Clifton v. Anderson.

There are two kinds of estates of married women in this state possessing to some extent the immunities of her separate estate in equity. One is her estate created by the statute of 1875 ( R. S. 1879, sec. 3296 ); the other is her well-known separate estate in equity. These two estates are essentially different in their character and incidents, and, therefore, it necessarily follows that, in a case which turns on the proposition whether the estate belongs to the one class or the other, the first inquiry must be to which of these two classes the estate sought to be affected belongs.

A married woman, under the statutes as they existed prior to the revision of 1889, could charge her separate estate in equity by her contracts, either written or oral, and that estate was not subject to her husband's control, disposition or debts in any sense. Even his estate by the curtesy therein could be cut off by the terms of the conveyance to her. Her statutory estate, on the other hand, could not be charged by herself alone, but only by the joint act of herself and husband, and then only in a prescribed manner, and its annual products could be seized for the husband's debts contracted for necessaries for herself and family, as well as for debts contracted by him for the improvement of it. It was logically impossible, therefore, that the same estate should belong to both classes, since their character and incidents were different. Some slight confusion has arisen in the decisions in this state, because judges, in discussing individual cases, have not always kept this fact clearly in view; but it will appear upon a comparison of the decisions that, when considering the point in judgment only, there is little, if any, contradiction between them.

The first and most prominent condition in determining whether the estate is purely a statutory estate, or one in equity, is the instrument itself which creates it. If that instrument does not in apt terms create a separate estate in the wife, then *prima facie* she has no such

estate, and it is incumbent upon the person who claims the contrary, to establish the fact by competent written evidence, or at least, if it can be done, by showing a state of facts wholly inconsistent with the conclusion that the. wife's estate was a mere statutory estate. We have gone over this subject very fully in *Edwards v. Burns*, 26 Mo. App. 44, and so has the Kansas City Court of Appeals in *Nicholson v. Flynn*, 24 Mo. App. 574. All the decisions·in Missouri up to that date were examined in those cases, including *Martin v. Colburn*, 88 Mo. 229, on which the defendant now mainly relies. The conclusion arrived at was as above stated. It is true that, in *Martin v. Colburn, supra,* it was held that an instrument executed by the husband in the nature of a declaration of trust was proper written evidence, to be considered in connection with the deed, to determine the character of the wife's estate. But, in the absence of fraud, such evidence would have been competent for that purpose, even if the title had been conveyed to the husband instead of the wife ; and why, then, should it not be competent for the purpose of simply divesting the husband's marital rights, the question in that case being, whether the wife's deed, without joinder of her husband, was effectual to convey the title. As the court in that case decided that, in that regard, there was no difference between a statutory estate and a separate estate, the entire discussion as to whether the estate was statutory or separate was outside of the point in judgment.

Now, in the case at bar, the deed creating the estate in the wife uses no apt words to create in her a separate estate in equity. The property was acquired subsequent to 1875 and prior to 1889. There is no written declaration by the husband, as there was in the *Martin case* to supply this omission. The joint declaration of husband and wife in the deed of trust given for the purchase money, that any surplus which might arise in case of a sale under the deed of trust should be paid to the wife,

simply makes that disposition of the surplus which the law would have made without such declaration. All other evidence which bears upon the case is simply evidence tending to show that the property was bought with means of the wife, and hence was ;her statutory estate. Upon a careful examination of the record we can find no evidence whatever, which has a tendency to show that this property was the separate property in equity of Sarah Clifton, and not her property under the statute.

It was decided in *Gwin v. Smurr*, 101 Mo. 552, that the *only* way that the land of a wife, held by the terms of the act aforesaid ( act of 1875 ), can be conveyed, charged or affected is by the joint deed of husband and wife. Here the land is sought to be charged by the oral promise of the husband and wife. It is self-evident that this cannot be done, whether the relief sought is a charge in equity of the debt created upon the land, or subrogation *pro tanto* to the rights of the prior mortgagee. It thus appears that, giving the defendant's cross-bill and evidence their greatest probative force, the defendant has failed to make out a case entitling him to the relief prayed for. The judgment is affirmed. All the judges concur.